**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                            )
In Re SUNRISE SENIOR LIVING, INC.  )     **Civil Action No. 07-00143**
Derivative Litigation               )
_____)
                            )
This Document Relates To:       )
                            )
    ALL ACTIONS             )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW THE PLAINTIFFS, by the undersigned counsel, and file their Memorandum of Law in support of their Motion for Partial Summary Judgment.

## I.    <u>INTRODUCTION</u>

Pursuant to the by-laws of Sunrise Senior Living, Inc. ("Sunrise") and applicable law, Sunrise's Board of Directors (the "Board") is required to hold an annual meeting of Sunrise's shareholders at least once every 13 months. However, as alleged in Count X of Plaintiffs' Consolidated Shareholder Derivative Complaint, Sunrise has not held an annual meeting for more than 14 months. Accordingly, the Court should grant summary judgment with respect to Count X in favor of Plaintiffs and order the Board to schedule, provide notice of, and hold an annual meeting of Sunrise's shareholders forthwith.

## II.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

### A.    <u>Plaintiffs' Claims</u>

Sunrise, a Delaware corporation with its principal executive offices located in McLean, Virginia, is a provider of senior-living services. Compl. ¶ 15. This action is brought by Plaintiffs individually and derivatively on behalf of Sunrise against the

members of Sunrise's Board and certain present and former executive officers and directors of Sunrise.[1] Compl. ¶ 1. Plaintiffs, shareholders of Sunrise, assert eleven causes of action: (1) a claim against all of the Individual Defendants for violations of §10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") (Compl., Count I, ¶¶ 170–75); a claim against all of the Individual Defendants for violations of §14(a) of the Exchange Act (Compl., Count II, ¶¶ 176–81); a claim against certain of the Individual Defendants and the Director Defendants for violations of §20(a) of the Exchange Act (Compl., Count III, ¶¶ 182–83); a claim against all of the Individual Defendants for an accounting of stock options related to the improper options backdating scheme (Compl., Count IV, ¶¶ 184–89); a claim against all of the Individual Defendants for breaching their fiduciary duties by engaging in stock option manipulation and improper accounting schemes (Compl., Count V, ¶¶ 190–95); a claim against certain of the Individual Defendants for their unjust enrichment as a result of the improper options backdating scheme (Compl., Count VI, ¶¶ 196–98); a claim against certain of the Individual Defendants for rescission of the contracts entered into pursuant to the improper options backdating scheme (Compl., Count VII, ¶¶ 199–201); a claim against

---

[1] The "Individual Defendants" are: Chairman of the Board and Chief Executive Officer Paul J. Klaassen; director and Chief Cultural Officer Teresa M. Klaassen; former director David G. Bradley; former director Peter A. Klisares; former director Scott F. Meadow; former director Robert R. Slager; President Thomas B. Newell; Chief Operating Officer Tiffany L. Tomasso; General Counsel John F. Gaul; Chief Financial Officer Bradley R. Rush; Senior Vice President and Treasurer Carl Adams; former Executive Vice President and Chief Financial Officer David W. Faeder; former Chief Accounting Officer Larry E. Hulse; former Chief Operating Officer Timothy S. Smick; former Executive Vice President Brian C. Swinton; former Chief Investment Officer Christian B. A. Slavin; and current directors Ronald V. Aprahamian, Craig R. Callen, Thomas J. Donohue, J. Douglas Holladay, William G. Little. Collectively, defendants Paul Klaassen, Teresa Klaassen, Aprahamian, Callen, Donohue, Holladay, and Little are referred to herein as the "Director Defendants."

certain of the Individual Defendants for their unjust enrichment as a result of *ultra vires* option grants (Compl., Count VIII, ¶¶ 202–04); a claim against certain of the Individual Defendants for rescission of the contracts entered into pursuant to the improperly granted *ultra vires* options (Compl., Count IX, ¶¶ 205–07); a claim against the Director Defendants for violating Delaware law by failing to schedule, provide notice of, or hold an annual meeting for 2007 (Compl., Count X, ¶¶ 208–12); and a claim against certain of the Individual Defendants for insider selling and misappropriation of information related to the stock option manipulation and improper accounting schemes (Compl., Count XI, ¶¶ 213–17).  In the instant motion, Plaintiffs seek summary judgment on Count X.

**B.      The Director Defendants Are Required, but Have Failed, to Schedule, <u>Provide Notice of, and Hold an Annual Meeting for 2007</u>**

Article 2, Section 2.2 of Sunrise's by-laws provides that Sunrise shall hold an annual meeting at which stockholders "shall elect successors to that class of directors whose terms shall have expired" and "transact such other business as may properly be brought before the meeting."  (Ex. A.)  Article 2, Section 2.4 of Sunrise's by-laws sets forth the requirements for providing shareholders with notice of the annual meeting, e.g., that "notice of any meeting of stockholders stating the place, date and hour of the meeting . . . shall be given to each stockholder entitled to vote at such meeting not less than ten nor more than sixty days before the date of the meeting . . . ."  (Ex. A.)  Sunrise's last annual meeting was held on May 16, 2006, more than 14 months ago, and the Director Defendants have neither scheduled, provided shareholders with notice of, nor held an annual meeting for 2007.  Compl. ¶¶ 210–11.

## III.   ARGUMENT

### A.   Applicable Legal Standard

"Summary judgment upon all or any part of a claim may be granted to a party entitled to such judgment when no genuine issue of material fact remains in dispute, and the moving party is entitled to judgment as a matter of law." Andrews v. Ring, 266 Va. 311, 318, 585 S.E.2d 780, 783 (2003) (citations omitted). There are no facts in dispute regarding the annual meeting and this issue is ripe for summary judgment.

### B.   Defendants' Duties

"The directors of Delaware corporations have a triad of primary fiduciary duties: due care, loyalty, and good faith. Those fiduciary responsibilities do not operate intermittently. Accordingly, the shareholders of a Delaware corporation are entitled to rely upon their board of directors to discharge each of their three primary fiduciary duties at all times." Emerald Partners v. Berlin, 787 A.2d 85, 90 (Del. 2001) (citing Malone v. Brincat, 722 A.2d 5, 10 (Del. 1998)). In accordance with their fiduciary duties, the directors of a Delaware corporation are required to, among other things, comply with the corporation's by-laws. See, e.g., Adirondack GP, Inc. v. Am. Power Corp., 1996 Del. Ch. LEXIS 143, *10 (Nov. 13, 1996). Moreover, Delaware law requires every Delaware corporation to hold an annual meeting of shareholders at least once every 13 months. See, e.g., Saxon Indus., Inc. v. NKFW Partners, 488 A.2d 1298, 1300–01 (Del. 1985) (citing 8 Del. C. § 211(b)).

### C.   Plaintiffs Are Entitled to Summary Judgment on Count X

There is no dispute that pursuant to Sunrise's by-laws and Delaware law, the Director Defendants are required to schedule, provide notice of, and hold an annual

meeting for 2007, nor is there any dispute that they have failed to do so.  Indeed, where, as here, more than 13 months have elapsed since the corporation's last annual meeting, "a stockholder's right to have a meeting convened to elect directors is 'virtually absolute.'" Id. (citations omitted).  Hence, there is no genuine issue of material fact, and Plaintiffs are entitled to judgment as a matter of law.  Accordingly, the Court should grant summary judgment in favor of Plaintiffs on Count X.

## IV.    CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter an order, substantially in the form of Exhibit B hereto: (i) granting Plaintiffs summary judgment on Count X; and (ii) ordering the Board to: (a) schedule an annual meeting of Sunrise's shareholders to be held no later than 30 days from the date of the order; and (b) provide to Sunrise's shareholders notice of the annual meeting in accordance with Sunrise's by-laws.

Dated: July 19, 2007                              Respectfully submitted,

                                                  DAVIS, COWELL & BOWE, LLP

                                                  /s/ Mark Hanna
                                                  _____
                                                  George R. Murphy (DC Bar 75200)
                                                  Mark Hanna (DC Bar 471960)
                                                  Joni S. Jacobs (DC Bar 493846)
                                                  1701 K Street NW, Suite 210
                                                  Washington, DC 20006
                                                  Telephone: (202) 223-2620
                                                  Facsimile: (202) 223-8651
                                                  *Liaison Counsel*

SCHIFFRIN BARROWAY TOPAZ
& KESSLER, LLP
Eric L. Zagar
Eric Lechtzin
J. Daniel Albert
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

SAXENA WHITE P.A.
Maya Saxena
Joseph E. White III
2424 North Federal Highway, Suite 257
Boca Raton, FL  33431
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

ROBBINS, UMEDA, & FINK LLP
Brian J. Robbins
Felipe J. Arroyo
Ashley R. Palmer
610 West Ash Street, Suite 1800
San Diego, CA  92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Co-Lead Counsels for Plaintiffs*



# FORM 10–Q

## SUNRISE SENIOR LIVING INC – SRZ

**Exhibit: EX–3 (AMENDED AND RESTATED BYLAWS)**

**Filed: November 12, 1997 (period: September 30, 1997)**

Quarterly report which provides a continuing view of a company's financial position

1

AMENDED AND RESTATED BYLAWS

OF

SUNRISE ASSISTED LIVING, INC.


OFFICES

REGISTERED OFFICE

The initial registered office of the Corporation shall be in Wilmington, Delaware, and the initial registered agent in charge thereof shall be Corporation Service Company, 1013 Centre Road, Wilmington, Delaware 19805.

OTHER OFFICES

The Corporation may also have offices at such other places, both within and without the State of Delaware, as the Board of Directors may from time to time determine or as may be necessary or useful in connection with the business of the Corporation.

MEETINGS OF STOCKHOLDERS

PLACE OF MEETINGS

All meetings of the stockholders shall be held at such place as may be fixed from time to time by the Board of Directors, the Chairman of the Board or the President.

ANNUAL MEETINGS

The Corporation shall hold annual meetings of stockholders, commencing with the year 1995, on such date and at such time as shall be designated from time to time by the Board of Directors, the Chairman of the Board or the President, at which stockholders shall elect successors to that class of directors whose terms shall have expired and transact such other business as may properly be brought before the meeting.

SPECIAL MEETINGS

Special meetings of the stockholders, for any purpose or purposes, unless otherwise prescribed by statute, may be called by the Board of Directors, the Chairman of the Board or the President of the Corporation, and shall be called by the President or the Secretary of the Corporation at the request in writing of stockholders possessing at least 25 percent of the voting power of the issued and outstanding voting stock of the Corporation entitled to vote generally for the election of directors.  Such request shall include a statement of the purpose or purposes of the proposed meeting.

NOTICE OF MEETINGS

Notice of any meeting of stockholders, stating the place, date and hour of the meeting, and (if it is a special meeting) the purpose or purposes for which the meeting is called, shall be given to each stockholder entitled to vote at such meeting not less than ten nor more than sixty days before

23

2

the date of the meeting (except to the extent that such notice is waived or is
not required as provided in the General Corporation Law of the State of
Delaware (the "Delaware General Corporation Law" or these Bylaws).  Such
notice shall be given in accordance with, and shall be deemed effective as set
forth in, Section 222 (or any successor section) of the Delaware General
Corporation Law.

WAIVERS OF NOTICE

Whenever the giving of any notice is required by statute, the
Certificate of Incorporation of the Corporation (which shall include any
amendments thereto and shall be hereinafter referred to as so amended as the
"Certificate of Incorporation") or these Bylaws, a waiver thereof, in writing
and delivered to the Corporation, signed by the person or persons entitled to
said notice, whether before or after the event as to which such notice is
required, shall be deemed equivalent to notice.  Attendance of a stockholder at
a meeting shall constitute a waiver of notice (1) of such meeting, except when
the stockholder at the beginning of the meeting objects to holding the meeting
or transacting business at the meeting, and (2) (if it is a special meeting) of
consideration of a particular matter at the meeting that is not within the
purpose or purposes described in the meeting notice, unless the stockholder
objects to considering the matter at the beginning of the meeting.

BUSINESS AT SPECIAL MEETINGS

Business transacted at any special meeting of stockholders shall be
limited to the purposes stated in the notice (except to the extent that such
notice is waived or is not required as provided in the Delaware General
Corporation Law or these Bylaws).

LIST OF STOCKHOLDERS

After the record date for a meeting of stockholders has been fixed, at
least ten days before such meeting, the officer who has charge of the stock
ledger of the Corporation shall make a list of all stockholders entitled to
vote at the meeting, arranged in alphabetical order and showing the address of
each stockholder and the number of shares registered in the name of each
stockholder.  Such list shall be open to the examination of any stockholder for
any purpose germane to the meeting, during ordinary business hours, for a
period of at least ten days prior to the meeting, either at a place in the city
where the meeting is to be held, which place is to be specified in the notice
of the meeting, or at the place where the meeting is to be held.  Such list
shall also, for the duration of the meeting, be produced and kept open to the
examination of any stockholder who is present at the time and place of the
meeting.

QUORUM AT MEETINGS

Stockholders may take action on a matter at a meeting only if a quorum
exists with respect to that matter.  Except as otherwise provided by statute or
by the Certificate of Incorporation, the holders of a majority of the shares
entitled to vote at the meeting, and who are present in person or represented
by proxy, shall constitute a quorum at all meetings of the stockholders for the
transaction of business.  Where a separate vote by a class or classes is
required, the holders of a majority of the outstanding shares of such class or
classes, who are present in person or represented by proxy, shall constitute a
quorum entitled to take action on that matter.  Once a share is represented for
any purpose at a meeting (other than solely to object (1) to holding the
meeting or transacting business at the meeting, or (2) (if it is a special
meeting) to consideration of a particular matter at the meeting that is not
within the purpose or purposes described in the meeting notice),  it is deemed
present for quorum purposes for the remainder of the meeting and for any
adjournment of that meeting unless a new record date is or must be set for the
adjourned meeting. The holders of a majority of the voting shares represented
at a meeting, whether or not a quorum is present, may adjourn such  meeting
from time to time.

24

Source: SUNRISE SENIOR LIVIN, 10–Q, November 12, 1997

3

VOTING AND PROXIES

Unless otherwise provided in the Delaware General Corporation Law or in the Corporation's Certificate of Incorporation, and subject to the other provisions of these Bylaws, each stockholder shall be entitled to one vote on each matter, in person or by proxy, for each share of the Corporation's capital stock that has voting power and that is held by such stockholder. No proxy shall be voted or acted upon after three years from its date, unless the proxy provides for a longer period. A duly executed appointment of proxy shall be irrevocable if the appointment form states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power.

REQUIRED VOTE

When a quorum is present at any meeting of stockholders, all matters shall be determined, adopted and approved by the affirmative vote (which need not be by ballot) of the holders of a majority of the shares present in person or represented by proxy at the meeting and entitled to vote with respect to the matter, unless the proposed action is one upon which, by express provision of statutes or of the Certificate of Incorporation, a different vote is specified and required, in which case such express provision shall govern and control the decision of such question. Where a separate vote by a class or classes is required, the affirmative vote of the holders of a majority of the shares of such class or classes present in person or represented by proxy at the meeting shall be the act of such class, unless the proposed action is one upon which, by express provision of statutes or of the Certificate of Incorporation, a different vote is specified and required, in which case such express provision shall govern and control the decision of such question. Notwithstanding the foregoing, directors shall be elected by a plurality of the votes of the shares present in person or represented by proxy at the meeting and entitled to vote on the election of directors.

ACTION WITHOUT A MEETING

Any action required or permitted to be taken by the stockholders of the Corporation must be effected at a duly called annual or special meeting of such stockholders and may not be effected by any consent in writing by such stockholders, unless such consent is unanimous.

BUSINESS AT ANNUAL MEETING

At an annual meeting of the stockholders, only such business shall be conducted as shall have been properly brought before the meeting. To be properly brought before an annual meeting, business must be (a) specified in the notice of meeting (or any supplement thereto) given by or at the direction of the Board of Directors, (b) otherwise properly brought before the meeting by or at the direction of the Board of Directors, or (c) otherwise properly brought before the meeting by a stockholder. For business to be properly brought before an annual meeting by a stockholder, a stockholder must have given timely notice thereof in writing to the Secretary of the Corporation.

To be timely, a stockholder's notice must be delivered to or mailed and received at the principal executive offices of the Corporation not less than 60 days prior to the meeting; provided, however, that in the event that less than 75 days' notice or prior public disclosure of the date of the meeting is given or made to  stockholders, notice by the stockholder to be timely must be so received not later than the close of business on the 15th day following the day on which such notice of the date of the annual meeting was mailed or such public disclosure was made. A stockholder's notice to the Secretary shall set forth as to each matter the stockholder proposes to bring before the annual meeting (a) a brief description of the business desired to be brought before the annual meeting and the reasons for conducting such business at the annual meeting, (b) the

25

Source: SUNRISE SENIOR LIVIN, 10–Q, November 12, 1997

4

name and address, as they appear on the Corporation's books, of the stockholder proposing such business, (c) the class and number of shares of the Corporation's stock which are beneficially owned by the stockholder, and (d) any material interest of the stockholder in such business. No later than the tenth day following the date of receipt of a stockholder notice pursuant to this Section 2.12, the Chairman of the Board of Directors of the Corporation shall, if the facts warrant, determine and notify in writing the stockholder submitting such notice that such notice was not made in accordance with the time limits and/or other procedures prescribed by the Bylaws. If no such notification is mailed to such stockholder within such ten-day period, such stockholder notice containing a matter of business shall be deemed to have been made in accordance with the provisions of this Section 2.12. Notwithstanding anything in these Bylaws to the contrary, no business shall be conducted at an annual meeting except in accordance with the procedures set forth in this Section 2.12.

DIRECTORS

POWERS

The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors, which may exercise all such powers of the Corporation and do all such lawful acts and things, subject to any limitation set forth in the Certificate of Incorporation or as otherwise may be provided in the Delaware General Corporation Law. The Board of Directors shall annually elect a Chairman of the Board from among its members and shall designate, when present, either the Chairman of the Board or the President to preside at its meetings. If neither the Chairman of the Board nor the President is present, the Board of Directors may designate another officer to preside at such meeting. The Chairman of the Board and the President may be the same person. The Board of Directors may also annually elect one or more Vice Chairmen from among its members, with such duties as the Board of Directors shall from time to time prescribe.

NUMBER, CLASSES, ELECTION AND TERM OF OFFICE

As of the closing of the Corporation's initial public offering of equity securities under the Securities Act of 1933, as amended, the total number of directors which shall constitute the entire Board of Directors shall be eight. The term "entire Board of Directors" as used herein shall mean the total number of directors constituting the entire Board of Directors irrespective of the number of directors then in office or vacancies. Thereafter, the total number of directors constituting the entire Board of Directors shall be determined by resolution of the Board of Directors passed by the affirmative vote of at least two-thirds of the directors then in office, provided, that such number shall be consistent with the minimum and maximum number of directors set forth in the Certificate of Incorporation. Directors shall be divided into three classes, each consisting of approximately one-third of the total number of directors, as provided in the Certificate of Incorporation. At the 1995 annual meeting of stockholders and at each subsequent annual meeting of stockholders, directors elected to succeed those whose terms are expiring shall be elected for a term of office to expire at the third succeeding annual meeting of stockholders and when their respective successors are duly elected and qualified. Directors shall be elected at annual meetings of the stockholders, except as provided in Section 3.3 hereof, and each director elected shall hold office until his successor is elected and qualified or until his earlier death, resignation or removal. Directors need not be stockholders.

26

5

VACANCIES

Vacancies and newly created directorships resulting from any increase in the authorized number of directors elected by all of the stockholders having the right to vote as a single class may be filled by a majority of the directors then in office, although fewer than a quorum, or by a sole remaining director.  Whenever the holders of any class or classes of stock or series thereof are entitled to elect one or more directors by the provisions of the Certificate of Incorporation, vacancies and newly created directorships of such class or classes or series may be filled by a majority of the directors elected by such class or classes or series thereof then in office, or by the sole remaining director so elected.  Each director so chosen shall hold office until the next election of the class for which such director shall have been chosen, and until such director's successor is elected and qualified, or until the director's earlier resignation or removal.  In the event that one or more directors resigns from the Board, effective at a future date, a majority of the directors then in office, including those who have so resigned, shall have power to fill such vacancy or vacancies, the vote thereon to take effect when such resignation or resignations shall become effective, and each director so chosen shall hold office until the next election of the class for which such director shall have been chosen, and until such director's successor is elected and qualified, or until the director's earlier resignation or removal.

MEETINGS

REGULAR MEETINGS

Regular meetings of the Board of Directors may be held without notice at such time and at such place as shall from time to time be determined by the Board of Directors.

SPECIAL MEETINGS

Special meetings of the Board may be called by the Chairman of the Board or President on one day's notice to each director, either personally or by telephone, express delivery service (so that the scheduled delivery date of the notice is at least one day in advance of the meeting), telegram or facsimile transmission, and on five days' notice by mail (effective upon deposit of such notice in the mail).  The notice need not describe the purpose of a special meeting.

TELEPHONE MEETINGS

Members of the Board of Directors may participate in a meeting of the Board by any communication by means of which all participating directors can simultaneously hear each other during the meeting.  A director participating in a meeting by this means is deemed to be present in person at the meeting.

ACTION WITHOUT MEETING

Any action required or permitted to be taken at any meeting of the Board of Directors may be taken without a meeting if the action is taken by all members of the Board.  The action must be evidenced by one or more written consents describing the action taken, signed by each director, and delivered to the Corporation for inclusion in the minute book.

27

6

WAIVER OF NOTICE OF MEETING

A director may waive any notice required by statute, the Certificate of Incorporation or these Bylaws before or after the date and time stated in the notice. Except as set forth below, the waiver must be in writing, signed by the director entitled to the notice, and delivered to the Corporation for inclusion in the minute book. Notwithstanding the foregoing, a director's attendance at or participation in a meeting waives any required notice to the director of the meeting unless the director at the beginning of the meeting objects to holding the meeting or transacting business at the meeting and does not thereafter vote for or assent to action taken at the meeting.

QUORUM AND VOTE AT MEETINGS

At all meetings of the Board, a quorum of the Board of Directors consists of the presence of a majority of the total number of directors constituting the entire Board of Directors. The affirmative vote of a majority of the directors present at any meeting at which there is a quorum shall be the act of the Board of Directors, except as may be otherwise specifically provided by statute, the Certificate of Incorporation or these Bylaws.

COMMITTEES OF DIRECTORS

The Board of Directors may by resolution designate one or more committees, each committee to consist of one or more of the directors of the Corporation. The Board may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee. If a member of a committee shall be absent from any meeting, or disqualified from voting thereat, the remaining member or members present and not disqualified from voting, whether or not such member or members constitute a quorum, may, by unanimous vote, appoint another member of the Board of Directors to act at the meeting in the place of such absent or disqualified member. Any such committee, to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it; but no such committee shall have the power or authority in reference to amending the Certificate of Incorporation (except that a committee may, to the extent authorized in the resolution or resolutions providing for the issuance of shares of stock adopted by the Board of Directors pursuant to Section 151(a) of the Delaware General Corporation Law, fix the designations and any of the preferences or rights of such shares relating to dividends, redemption, dissolution, any distribution of assets of the Corporation or the conversion into, or the exchange of such shares for, shares of any other class or classes or any other series of the same or any other class or classes of stock of the Corporation or fix the number of shares of any series of stock or authorize the increase or decrease of any shares of any series), adopting an agreement of merger or consolidation pursuant to Sections 251, 252, 257, 258, 263 or 264 of the Delaware General Corporation Law, recommending to the stockholders the sale, lease or exchange of all or substantially all of the Corporation's property and assets, recommending to the stockholders a dissolution of the Corporation or a revocation of a dissolution, or amending the Bylaws; and unless the resolutions, these Bylaws or the Certificate of Incorporation expressly so provide, no such committee shall have the power or authority to declare a dividend, to authorize the issuance of stock, or to adopt a certificate of ownership and merger pursuant to Section 253 of the Delaware General Corporation Law. Such committee or committees shall have such name or names as may be determined from time to time by resolution adopted by the Board of Directors. Unless otherwise specified in the resolution of the Board of Directors designating the committee, at all meetings of each such committee of directors, a majority of the members of the committee shall constitute a quorum for the transaction of business, and the affirmative vote of a majority of the members of the committee present at any meeting at which there is a quorum shall be the act of the committee. Each

28

Source: SUNRISE SENIOR LIVIN, 10–Q, November 12, 1997

7

committee shall keep regular minutes of its meetings and report the same to the Board of Directors, when required.

COMPENSATION OF DIRECTORS

The Board of Directors shall have the authority to fix the compensation of directors. No such payment shall preclude any director from serving the Corporation in any other capacity and receiving compensation therefor.

NOMINEES

Only persons who are nominated in accordance with the procedures set forth in this Section 3.8 shall be eligible for election as directors. Nominations of persons for election to the Board of Directors of the Corporation may be made at a meeting of stockholders by or at the direction of the Board of Directors or by any stockholder of the Corporation entitled to vote for the election of directors at the meeting who complies with procedures set forth in this Section 0. Such nominations, other than those made by or at the direction of the Board of Directors, shall be made pursuant to timely notice in writing to the Secretary of the Corporation. To be timely, a stockholder notice shall be delivered to or mailed and received at the principal executive office of the Corporation not less than 60 days prior to the meeting; provided, however, that in the event that less than 75 days' notice or prior public disclosure of the date of the meeting is given or made to stockholders, notice by the stockholder to be timely must be so received not later than the close of business on the 15th day following the day on which such notice of the date of the meeting was mailed or such public disclosure was made. Such stockholder's notice shall set forth (a) as to each person whom the stockholder proposes to nominate for election or re-election as a director, (i) the name, age, business address and residence address of such person, (ii) the principal occupation or employment of such person, (iii) the class and number of shares of the Corporation's stock which are beneficially owned by such person, and (iv) any other information relating to such person that is required to be disclosed in solicitations of proxies for election of directors, or is otherwise required in each case pursuant to Regulation 14A under the Securities Exchange Act of 1934, as amended (including without limitation such person's written consent to be named in the proxy statement as a nominee and to serving as a director if elected); and (b) as to the stockholder giving the notice (i) the name and address, as they appear on the Corporation's books, of such stockholder and (ii) the class and number of shares of the Corporation's stock which are beneficially owned by such stockholder. At the request of the Board of Directors, any person nominated by the Board of Directors for election as a director shall furnish to the Secretary of the Corporation that information required to be set forth in the stockholder's notice of nomination which pertains to the nominee. No later than the tenth day following the date of receipt of a stockholder nomination submitted pursuant to this Section 0, the Chairman of the Board of Directors of the Corporation shall, if the facts warrant, determine and notify in writing the stockholder making such nomination that such nomination was not made in accordance with the time limits and/or other procedures prescribed by the bylaws. If no such notification is mailed to such stockholder within such ten-day period, such nomination shall be deemed to have been made in accordance with the provisions of this Section 0. No person shall be eligible for election as a director of the Corporation unless nominated in accordance with the procedures set forth in this Section 0.

29

8

OFFICERS

POSITIONS

The officers of the Corporation shall be a Chairman of the Board, a Chief Executive Officer, a President, a Chief Financial Officer, a Secretary and a Treasurer, and such other officers as the Board of Directors from time to time may appoint, including one or more Vice Chairpersons, a Chief Operating Officer, Executive Vice Presidents, a General Counsel, Senior Vice Presidents, Vice Presidents, Assistant Secretaries and Assistant Treasurers. Each such officer shall exercise such powers and perform such duties as shall be set forth below and such other powers and duties as from time to time may be specified by the Board of Directors or by any officer(s) authorized by the Board of Directors to prescribe the duties of such other officers. Any number of offices may be held by the same person, except that in no event shall the President and the Secretary be the same person. Each of the Chairman of the Board, the Chief Executive Officer, the President, the Chief Operating Officer, the Chief Financial Officer, and/or any Executive Vice President or Senior Vice President may execute bonds, mortgages and other documents under the seal of the Corporation, except where required or permitted by law to be otherwise executed and except where the authorization therefor shall be expressly delegated by the Board of Directors to some other officer or agent of the Corporation.

CHAIRMAN OF THE BOARD AND CHIEF EXECUTIVE OFFICER

The Chairman of the Board shall (when present) preside at all meetings of the Board of Directors and stockholders and shall ensure that all orders and resolutions of the Board of Directors are carried into effect. Unless the Board shall designate a person other than the Chairman as the Chief Executive Officer, the Chairman of the Board shall also be the Chief Executive Officer of the Corporation, and as such shall have overall executive responsibility and authority for management of the business, affairs and operations of the Corporation (subject to the authority of the Board of Directors). As Chief Executive Officer, the Chairman of the Board shall, in general, perform all duties incident to the office of a chief executive officer of a corporation, including those duties customarily performed by the persons holding such office, and shall perform such other duties as, from time to time, may be assigned to him or her by the Board of Directors.

PRESIDENT

The President shall have general and active management of the business, affairs and operations of the Corporation (subject to the direction of the Chief Executive Officer and the authority of the Board of Directors), shall ensure that all orders and resolutions of the Board of Directors are carried into effect, and, in general, shall perform all duties incident to the office of a president of a corporation, including those duties customarily performed by the persons holding such office, and shall perform such other duties as, from time to time, may be assigned to him or her by the Board of Directors or the Chief Executive Officer.

CHIEF FINANCIAL OFFICER

The Chief Financial Officer of the Corporation shall have general charge and supervision of the financial affairs of the Corporation, including budgetary, accounting and statistical methods, and shall approve payment, or designate others serving under him to approve for payment, all vouchers and warrants for disbursements of funds, and, in general, shall perform such other duties as are incident to the office of a chief financial officer of a corporation, including those duties

30

Source: SUNRISE SENIOR LIVIN, 10–Q, November 12, 1997

9

customarily performed by persons occupying such office, and shall perform such other duties as, from time to time, may be assigned to him or her by the Board of Directors or the Chief Executive Officer.

CHIEF OPERATING OFFICER

The Chief Operating Officer of the Corporation shall have general charge and supervision of the day to day operations of the Corporation (subject to the direction of the Chief Executive Officer and the authority of the Board of Directors), and, in general, shall perform such other duties as are incident to the office of a chief operating officer of a corporation, including those duties customarily performed by persons occupying such office, and shall perform such other duties as, from time to time, may be assigned to him or her by the Board of Directors or the Chief Executive Officer.

GENERAL COUNSEL

The General Counsel of the Corporation shall be responsible for supervising the legal affairs of the Corporation, and, in general, shall perform such other duties as are incident to the office of a general counsel of a corporation, including those duties customarily performed by persons occupying such office, and shall perform such other duties as, from time to time, may be assigned to him or her by the Board of Directors or the Chief Executive Officer.

VICE PRESIDENT

In the absence of the Chief Executive Officer and the President or in the event of the Chief Executive Officer's and the President's failure or refusal to act, the Vice President (or in the event there be more than one Vice President, the Vice Presidents in the order designated, or in the absence of any designation, then in the order of their election) shall perform the duties of the Chief Executive Officer and the President, and when so acting shall have all the powers of, and be subject to all the restrictions upon, the Chief Executive Officer and the President. The Vice President or Vice Presidents, in general, shall perform such other duties as are incident to the office of a vice president of a corporation, including those duties customarily performed by persons occupying such office, and shall perform such other duties as, from time to time, may be assigned to him or her or them by the Board of Directors or the Chief Executive Officer. The Board of Directors may designate one or more Vice Presidents as Executive Vice Presidents or Senior Vice Presidents.

SECRETARY

The Secretary, or an Assistant Secretary, shall attend all meetings of the Board of Directors and all meetings of the stockholders, and shall record all the proceedings of the meetings of the stockholders and of the Board of Directors in a book to be kept for that purpose, and shall perform like duties for the standing committees, when required. The Secretary shall have custody of the corporate seal of the Corporation, and the Secretary, or an Assistant Secretary, shall have authority to affix the same to any instrument requiring it, and when so affixed it may be attested by the signature of the Secretary or by the signature of such Assistant Secretary. The Board of Directors may give general authority to any other officer to affix the seal of the Corporation and to attest the affixing by such officer's signature. The Secretary or an Assistant Secretary may also attest all instruments signed by the Chief Executive Officer, the President, the Chief Operating Officer, the Chief Financial Officer or any Vice President. The Secretary, or an Assistant Secretary, shall give,

31

10

or cause to be given, notice of all meetings of the stockholders and special meetings of the Board of Directors, and, in general, shall perform all duties as are incident to the office of a secretary of a corporation, including those duties customarily performed by persons occupying such office, and shall perform such other duties as, from time to time, may be assigned to him or her by the Board of Directors, the Chief Executive Officer, the President, the Chief Operating Officer, the Chief Financial Officer or any Executive Vice President.

ASSISTANT SECRETARY

The Assistant Secretary, or if there be more than one, the Assistant Secretaries in the order determined by the Board of Directors (or if there shall have been no such determination, then in the order of their election), shall, in the absence of the Secretary or in the event of the Secretary's inability or refusal to act or when requested by the Chairman of the Board, the Chief Executive Officer, the President, the Chief Operating Officer, the Chief Financial Officer or any Executive Vice President, perform the duties and exercise the powers of the Secretary, and, in general, shall perform all duties as are incident to the office of an assistant secretary of a corporation, including those duties customarily performed by persons holding such office, and shall perform such other duties as, from time to time, may be assigned to him or her or them by the Board of Directors, the Chief Executive Officer, the President, the Chief Operating Officer, the Chief Financial Officer, any Executive Vice President or the Secretary. An Assistant Secretary may or may not be an officer, as determined by the Board of Directors.

TREASURER

The Treasurer shall have responsibility for the custody of the corporate funds and securities and shall keep full and accurate accounts of receipts and disbursements in books belonging to the Corporation, and shall deposit all moneys and other valuable effects in the name and to the credit of the Corporation in such depositories as may be designated by the Board of Directors. The Treasurer shall also render to the Chief Executive Officer, the President and the Chief Operating Officer, upon request, and to the Board of Directors at its regular meetings, or when the Board of Directors so requires, an account of all financial transactions and of the financial condition of the Corporation and, in general, shall perform such duties as are incident to the office of a treasurer of a corporation, including those customarily performed by persons occupying such office, and shall perform all other duties as, from time to time, may be assigned to him or her by the Board of Directors, the Chief Executive Officer, the President, the Chief Operating Officer, the Chief Financial Officer or any Executive Vice President.

ASSISTANT TREASURER

The Assistant Treasurer, or if there shall be more than one, the Assistant Treasurers in the order determined by the Board of Directors (or if there shall have been no such determination, then in the order of their election), shall, in the absence of the Treasurer or in the event of the Treasurer's inability or refusal to act, perform the duties and exercise the powers of the Treasurer, and, in general, shall perform all duties as are incident to the office of an assistant treasurer of a corporation, including those duties customarily performed by persons occupying such office, and shall perform such other duties as, from time to time, may be assigned to him or them by the Board of Directors, the Chief Executive Officer, the President, the Chief Operating Officer, the Chief Financial Officer, any Executive Vice President or by the Treasurer. An Assistant Treasurer may or may not be an officer, as determined by the Board of Directors.

32

TERM OF OFFICE

The officers of the Corporation shall hold office until their successors are chosen and qualify or until their earlier resignation or removal. Any officer may resign at any time upon written notice to the Corporation. Any officer elected or appointed by the Board of Directors may be removed at any time, with or without cause, by the affirmative vote of a majority of the directors constituting the entire Board of Directors.

COMPENSATION

The compensation of officers of the Corporation shall be fixed by the Board of Directors or by any officer(s) authorized by the Board of Directors to prescribe the compensation of such other officers.

FIDELITY BONDS

The Corporation may secure the fidelity of any or all of its officers or agents by bond or otherwise.

CAPITAL STOCK

CERTIFICATES OF STOCK; UNCERTIFICATED SHARES

The shares of the Corporation shall be represented by certificates, provided that the Board of Directors may provide by resolution that some or all of any or all classes or series of the Corporation's stock shall be uncertificated shares. Any such resolution shall not apply to shares represented by a certificate until such certificate is surrendered to the Corporation. Notwithstanding the adoption of such a resolution by the Board of Directors, every holder of stock represented by certificates, and upon request every holder of uncertificated shares, shall be entitled to have a certificate (representing the number of shares registered in certificate form) signed in the name of the Corporation by the Chairman of the Board, President or any Vice President, and by the Treasurer, Secretary or any Assistant Treasurer or Assistant Secretary of the Corporation. Any or all the signatures on the certificate may be facsimile. In case any officer, transfer agent or registrar whose signature or facsimile signature appears on a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the date of issue.

LOST CERTIFICATES

The Board of Directors, Chairman of the Board, Chief Executive Officer, President, Chief Financial Officer or Secretary may direct a new certificate of stock to be issued in place of any certificate theretofore issued by the Corporation and alleged to have been lost, stolen or destroyed, upon the making of an affidavit of that fact by the person claiming that the certificate of stock has been lost, stolen or destroyed. When authorizing such issuance of a new certificate, the Board or any such officer may, as a condition precedent to the issuance thereof, require the owner of such lost, stolen or destroyed certificate or certificates, or such owner's legal representative, to advertise the same in such manner as the Board or such officer shall require and/or to give the Corporation a bond or indemnity, in such sum or on such terms and conditions as the Board or such officer may direct, as indemnity against any claim that may be made against the Corporation on account of the

33

certificate alleged to have been lost, stolen or destroyed or on account of the issuance of such new certificate or uncertificated shares.

RECORD DATE

ACTIONS BY STOCKHOLDERS

In order that the Corporation may determine the stockholders entitled to notice of or to vote at any meeting of stockholders, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the Board of Directors, and which record date shall not be more than sixty days nor less than ten days before the date of such meeting. If no record date is fixed by the Board of Directors, the record date for determining stockholders entitled to notice of or to vote at a meeting of stockholders shall be the close of business on the day next preceding the day on which notice is given, or, if notice is waived, at the close of business on the day next preceding the day on which the meeting is held. A determination of stockholders of record entitled to notice of or to vote at a meeting of stockholders shall apply to any adjournment of the meeting, unless the Board of Directors fixes a new record date for the adjourned meeting.

In order that the Corporation may determine the stockholders entitled to consent to corporate action in writing without a meeting, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the Board of Directors, and which record date shall not be more than ten days after the date upon which the resolution fixing the record date is adopted by the Board of Directors. If no record date has been fixed by the Board of Directors, the record date for determining stockholders entitled to consent to corporate action in writing without a meeting, when no prior action by the Board of Directors is required by the Delaware General Corporation Law, shall be the first date on which a signed written consent setting forth the action taken or proposed to be taken is delivered to the Corporation in the manner prescribed by Section 213(b) of the Delaware General Corporation Law. If no record date has been fixed by the Board of Directors and prior action by the Board of Directors is required by the Delaware General Corporation Law, the record date for determining stockholders entitled to consent to corporate action in writing without a meeting shall be at the close of business on the day on which the Board of Directors adopts the resolution taking such prior action.

PAYMENTS

In order that the Corporation may determine the stockholders entitled to receive payment of any dividend or other distribution or allotment of any rights or the stockholders entitled to exercise any rights in respect of any change, conversion or exchange of stock, or for the purpose of any other lawful action, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted, and which record date shall be not more than sixty days prior to such action. If no record date is fixed, the record date for determining stockholders for any such purpose shall be at the close of business on the day on which the Board of Directors adopts the resolution relating thereto.

STOCKHOLDERS OF RECORD

The Corporation shall be entitled to recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends, to receive notifications, to vote as such owner,

34

13

and to exercise all the rights and powers of an owner.  The Corporation shall
not be bound to recognize any equitable or other claim to or interest in such
share or shares on the part of any other person, whether or not it shall have
express or other notice thereof, except as otherwise may be provided by the
Delaware General Corporation Law.

INDEMNIFICATION

AUTHORIZATION OF INDEMNIFICATION

Each person who was or is a party or is threatened to be made a party
to or is involved in any threatened, pending or completed action, suit or
proceeding, whether civil, criminal, administrative or investigative and
whether by or in the right of the Corporation or otherwise (a "proceeding"), by
reason of the fact that he or she, or a person of whom he or she is the legal
representative, is or was a director or officer of the Corporation or is or was
serving at the request of the Corporation as a director, officer, employee,
partner (limited or general) or agent of another corporation or of a
partnership, joint venture, limited liability company, trust or other
enterprise, including service with respect to an employee benefit plan, shall
be (and shall be deemed to have a contractual right to be) indemnified and held
harmless by the Corporation (and any successor to the Corporation by merger or
otherwise) to the fullest extent authorized by, and subject to the conditions
and (except as provided herein) procedures set forth in the Delaware General
Corporation Law, as the same exists or may hereafter be amended (but any such
amendment shall not be deemed to limit or prohibit the rights of
indemnification hereunder for past acts or omissions of any such person insofar
as such amendment limits or prohibits the indemnification rights that said law
permitted the Corporation to provide prior to such amendment), against all
expenses, liabilities and losses (including attorneys' fees, judgments, fines,
ERISA taxes or penalties and amounts paid or to be paid in settlement)
reasonably incurred or suffered by such person in connection therewith;
provided, however, that the Corporation shall indemnify any such person seeking
indemnification in connection with a proceeding (or part thereof) initiated by
such person (except for a suit or action pursuant to Section 0 hereof) only if
such proceeding (or part thereof) was authorized by the Board of Directors of
the Corporation.  Persons who are not directors or officers of the Corporation
may be similarly indemnified in respect of such service to the extent
authorized at any time by the Board of Directors of the Corporation.  The
indemnification conferred in this Section 0 also shall include the right to be
paid by the Corporation (and such successor) the expenses (including attorneys'
fees) incurred in the defense of or other involvement in any such proceeding in
advance of its final disposition; provided, however, that, if and to the extent
the Delaware General Corporation Law requires, the payment of such expenses
(including attorneys' fees) incurred by a director or officer in advance of the
final disposition of a proceeding shall be made only upon delivery to the
Corporation of an undertaking by or on behalf of such director or officer to
repay all amounts so  paid in advance if it shall ultimately be determined that
such director or officer is not entitled to be indemnified under this Section 0
or otherwise; and provided further, that, such expenses incurred by other
employees and agents may be so paid in advance upon such terms and conditions,
if any, as the Board of Directors deems appropriate.

RIGHT OF CLAIMANT TO BRING ACTION AGAINST THE CORPORATION

If a claim under Section 0 is not paid in full by the Corporation
within sixty days after a written claim has been received by the Corporation,
the claimant may at any time thereafter bring an action against the Corporation
to recover the unpaid amount of the claim and, if successful in whole or in
part, the claimant shall be entitled to be paid also the expense of prosecuting
such

35

Source: SUNRISE SENIOR LIVIN, 10–Q, November 12, 1997

14

action.  It shall be a defense to any such action (other than an action brought
to enforce a claim for expenses incurred in connection with any proceeding in
advance of its final disposition where the required undertaking, if any is
required, has been tendered to the Corporation) that the claimant has not met
the standards of conduct which make it permissible under the Delaware General
Corporation Law for the Corporation to indemnify the claimant for the amount
claimed or is otherwise not entitled to indemnification under Section 0 but the
burden of proving such defense shall be on the Corporation.  The failure of the
Corporation (in the manner provided under the Delaware General Corporation Law)
to have made a determination prior to or after the commencement of such action
that indemnification of the claimant is proper in the circumstances because he
or she has met the applicable standard of conduct set forth in the Delaware
General Corporation Law shall not be a defense to the action or create a
presumption that the claimant has not met the applicable standard of conduct.
Unless otherwise specified in an agreement with the claimant, an actual
determination by the Corporation (in the manner provided under the Delaware
General Corporation Law) after the commencement of such action that the
claimant has not met such applicable standard of conduct shall not be a defense
to the action, but shall create a presumption that the claimant has not met the
applicable standard of conduct.


       NON-EXCLUSIVITY

       The rights to indemnification and advance payment of expenses provided
by Section 0 hereof shall not be deemed exclusive of any other rights to which
those seeking indemnification and advance payment of expenses may be entitled
under any by-law, agreement, vote of stockholders or disinterested directors or
otherwise, both as to action in his or her official capacity and as to action
in another capacity while holding such office.


       SURVIVAL OF INDEMNIFICATION

       The indemnification and advance payment of expenses and rights thereto
provided by, or granted pursuant to, Section 0 hereof shall, unless otherwise
provided when authorized or ratified, continue as to a person who has ceased to
be a director, officer, employee, partner or agent and shall inure to the
benefit of the personal representatives, heirs, executors and administrators of
such person.


       INSURANCE

       The Corporation shall have power to purchase and maintain insurance on
behalf of any person who is or was a director, officer, employee or agent of
the Corporation, or is or was serving at the request of the Corporation as a
director, officer, employee, partner (limited or general )or agent of another
corporation or of a partnership, joint venture, limited liability company,
trust or other enterprise, against any liability asserted against such person
or incurred by such person in any such capacity, or arising out of such
person's status as such, and related expenses, whether or not the Corporation
would have the power to indemnify such person against such liability under the
provisions of the Delaware General Corporation Law.

36

15

GENERAL PROVISIONS

INSPECTION OF BOOKS AND RECORDS

Any stockholder, in person or by attorney or other agent, shall, upon written demand under oath stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose the Corporation's stock ledger, a list of its stockholders, and its other books and records, and to make copies or extracts therefrom.  A proper purpose shall mean a purpose reasonably related to such person's interest as a stockholder.  In every instance where an attorney or other agent shall be the person who seeks the right to inspection, the demand under oath shall be accompanied by a power of attorney or such other writing which authorizes the attorney or other agent to so act on behalf of the stockholder.  The demand under oath shall be directed to the Corporation at its registered office or at its principal place of business.

DIVIDENDS

The Board of Directors may declare dividends upon the capital stock of the Corporation, subject to the provisions of the Certificate of Incorporation and the laws of the State of Delaware.

RESERVES

The directors of the Corporation may set apart, out of the funds of the Corporation available for dividends, a reserve or reserves for any proper purpose and may abolish any such reserve.

EXECUTION OF INSTRUMENTS

All checks, drafts or other orders for the payment of money, and promissory notes of the Corporation shall be signed by such officer or officers or such other person or persons as the Board of Directors may from time to time designate.

FISCAL YEAR

The fiscal year of the Corporation shall be fixed by resolution of the Board of Directors.

SEAL

The corporate seal shall be in such form as the Board of Directors shall approve.  The seal may be used by causing it or a facsimile thereof to be impressed or affixed or otherwise reproduced.

PRONOUNS

All pronouns and any variations thereof shall be deemed to refer to the masculine, feminine, neuter, singular or plural, as the identity of the person or entity may require.

AMENDMENTS

The Board of Directors or the stockholders may from time to time adopt, amend or repeal the Bylaws of the Corporation.  Such action by the Board of Directors shall require the affirmative vote of at least two-thirds of the directors then in office at a duly constituted meeting of the Board

37

Source: SUNRISE SENIOR LIVIN, 10-Q, November 12, 1997

16

of Directors called for such purpose.  Such action by the stockholders shall
require the affirmative vote of the holders of at least two-thirds of the
outstanding shares of stock of the Corporation entitled to vote thereon at a
duly constituted meeting of stockholders called for such purpose.

\*       \*       \*       \*       \*

38

</TEXT>
</DOCUMENT>

_____

Created by 10KWizard   www.10KWizard.com

Source: SUNRISE SENIOR LIVIN, 10-Q, November 12, 1997