**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In Re SUNRISE SENIOR LIVING, INC. ) <br> Derivative Litigation ) <br> _____ ) <br> ) <br> This Document Relates To: ) <br> ) <br> ALL ACTIONS ) <br> _____ ) | Civil Action No. 1:07CV00143 <br> Judge Reggie B. Walton |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Nominal Defendant Sunrise Sr. Living, Inc. ("Sunrise"), and individual defendants Ronald V. Aprahamian, Craig R. Callen, Thomas J. Donohue, J. Douglas Holladay, Paul J. Klaassen, Teresa M. Klaassen, and William G. Little, each current directors of Sunrise, respectfully submit this memorandum in opposition to Plaintiffs' Motion for Partial Summary Judgment as to Count X of the Consolidated Shareholder Derivative Complaint (the "Complaint").

Plaintiffs' motion asks this Court to enter an order under § 211(c) of the Delaware General Corporation Law ("DGCL") requiring Sunrise to hold an annual meeting of shareholders within 30 days. The motion must be denied for each of two independent reasons. First, because the DGCL vests exclusive jurisdiction in the Delaware Chancery Court to grant, in appropriate cases, the relief that plaintiffs seek here, they may not apply to this Court for that relief. Second, as derivative plaintiffs purporting to act for and in the name of Sunrise in this litigation, plaintiffs lack standing to bring a claim under § 211(c) because the statute is clear that Sunrise itself has no right to relief under § 211(c). Simply put, this is the wrong court in which

to bring this claim, and a derivative suit is the wrong vehicle in which to assert it. Accordingly, plaintiffs' motion for summary judgment must be denied.

## STATEMENT OF FACTS

Plaintiffs in these consolidated actions have brought purported shareholder derivative claims, ostensibly on behalf of and for the benefit of Sunrise, against a large number of present and former directors and officers of Sunrise, based on allegations of backdating of stock options, insider trading and accounting errors. 1/ The Complaint makes clear that *all* of the claims asserted by plaintiffs are brought as derivative claims, with Sunrise solely a "nominal defendant" in the case. *See* Complaint ¶ 1 ("This is a shareholders' derivative action brought for the benefit of nominal defendant Sunrise Senior Living, Inc. . . ."); ¶ 15 ("identifying [n]ominal defendant Sunrise . . .").

When the three originally-filed complaints were consolidated and plaintiffs' Consolidated Shareholder Derivative Complaint was filed on June 29, 2006, plaintiffs added a Count X entitled "Violation of Delaware Law," alleging that Sunrise last held an annual meeting of shareholders on May 16, 2006, and erroneously asserting that Delaware law "requires" that an annual meeting be held "at least once every 13 months." Complaint ¶ 209. As made clear in ¶ 89 of the Complaint—the sole paragraph in the main body of the document addressed to the topic of the annual shareholders' meeting—the "Delaware law" alleged to have been violated is DGCL § 211(c):

> 89.    The Individual Defendants have continued to
> conceal the extent of the Company's accounting improprieties and
> keep the Company's shareholders in the dark by failing to hold an

---

1/ Before filing suit, plaintiffs did not make the demand on Sunrise's Board of Directors that is required by Fed. R. Civ. P. 23.1 and controlling principles of Delaware law. *See* Statement of Genuine Issues in Support of Defendants' Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Stmt. of Gen. Issues") at ¶ 9.

>annual shareholders meeting since May 16, 2006. ***Pursuant to Del. Gen. Corp. Law § 211(c)***, "[i]f there be a failure to hold the annual meeting or to take action by written consent to elect directors in lieu of an annual meeting for a period of 30 days after the date designated for the annual meeting, or if no date has been designated, for a period of 13 months after the latest to occur of the organization of the corporation, its last annual meeting or the last action by written consent to elect directors in lieu of an annual meeting, the Court of Chancery may summarily order a meeting to be held upon the application of any stockholder or director." As of June 16, 2007, ***the Company has failed to hold an annual meeting within the statutorily required 13 month period*** following the Company's last annual meeting of shareholders ***and is a [sic-in] violation of Delaware law.*** (Emphasis added).

Count X is an attempt to assert, in this ***derivative*** action, the same claim that has been brought against Sunrise by another Sunrise shareholder (not a party here) in a ***direct*** shareholder action pending against Sunrise in the Delaware Chancery Court. *See* Complaint in *Millenco, L.L.C. v. Sunrise Senior Living, Inc.*, C.A. No. 3095 (Del. Ch. filed July 16, 2007) (Ex. A hereto). The *Millenco* complaint likewise alleges that the last annual meeting of Sunrise shareholders was held on May 16, 2006, and it asks the Chancery Court to direct, pursuant to DGCL § 211(c), that Sunrise hold its 2007 annual meeting within a specified period following the entry of a court order. The Chancery Court has set a trial date of September 5, 2007 in that matter. Three days ***after*** the *Millenco* case was filed, plaintiffs here filed a "me too" motion for partial summary judgment on Count X, requesting similar relief.2/ *See* Stmt. of Gen. Issues at ¶¶ 12-13.

---

2/ Count X on its face is brought against the "Director Defendants," a term defined in the Complaint to include both current directors and four former directors. *See* Complaint ¶ 26, ¶¶ 211-212, and page 98 (prayer for relief ¶ A). Obviously, it is illogical to assert a claim for failure to hold the 2007 annual meeting, or to seek an order compelling a meeting, against the four former directors. Presumably for this reason, plaintiffs' summary judgment motion (re)defines the term "Director Defendants" to include only ***current*** directors, *see* Pls.' Mem. at 2 n.1, and thus attempts to clarify that Count X is brought only against those individuals. Given this, the present Opposition is submitted solely by nominal defendant Sunrise and by those "Director Defendants" who are current Sunrise board members.

**ARGUMENT**

I.   **PLAINTIFFS ARE NOT ENTITLED TO RELIEF FROM THIS COURT BECAUSE DELAWARE LAW VESTS JURISDICTION TO AWARD SUCH RELIEF EXCLUSIVELY IN THE DELAWARE COURT OF CHANCERY.**

Plaintiffs are not entitled to summary judgment as to Count X of their Complaint because they are seeking a remedy that the Delaware Legislature has reserved to the Delaware Chancery Court, and to that court alone. It is well settled that "a precisely drawn, detailed statute pre-empts more general remedies." *Hincks v. United States,* --- U.S. ---, ---, 127 S. Ct. 2011, 2015 (2007); *EC Term of Years Trust v. United States,* 550 U.S. ---, ---, 127 S. Ct. 1763, 1764 (2007) (quoting *Brown v. GSA,* 425 U.S. 820, 834, 96 S. Ct. 1961 (1976)). The requirement that a Delaware corporation hold an annual meeting is entirely a creation of Delaware statutory law. 8 Del. C. § 211. Section 211(b) creates this requirement, and § 211(c) creates the specific remedy that is available to shareholders and directors, in the discretion of the Chancery Court, in the event that an annual meeting has not been held for more than 13 months. The plain language of the statute dictates that the Court of Chancery—and only the Court of Chancery—may summarily order an annual meeting. Specifically, the statute provides:

> if there be a failure to hold the annual meeting… for a period of thirteen months after the latest to occur of the organization of the corporation, its last annual meeting, or the last action by written consent to elect directors in lieu of an annual meeting, the ***Court of Chancery*** may summarily order a meeting to be held upon the application of any stockholder or director.

8 Del. C. § 211(c) (emphasis added).

It is a basic principle of statutory construction that where a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise. *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S. Ct.

242, 247 (1979) ("[I]it is an elemental cannon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."); *Hincks*, --- U.S. at ---, 127 S. Ct. at 2015. In *Hincks*, for example, the Supreme Court held that where a statute authorized the Tax Court to provide judicial relief for the Secretary of the Treasury's failure to abate interest accrued on back taxes, no other court could grant such relief. *Id*. Because Congress created a "precisely drawn, detailed statute" that authorized judicial relief and defined the Tax Court as the appropriate forum to administer such relief, the Tax Court alone could provide the remedy the claimants sought. *Id*. Accordingly, the Court affirmed the dismissal of a claim brought under the statute in a federal district court.

Here, the statute mandates that the only means by which a shareholder or director may seek to compel the scheduling of an annual meeting is to have such meeting ordered by the Court of Chancery. No other remedy is sanctioned by the statute. No other court is authorized to order an annual meeting. Had the legislature not intended to vest exclusive jurisdiction under § 211(c) in the Delaware Chancery Court, it could have authorized "any court of competent jurisdiction" to compel an annual meeting. It chose not to do so. Because the legislature directed that shareholders and directors should look solely to the Chancery Court for this statutory remedy, plaintiffs may not apply to this Court for the order they seek.

Perhaps in an attempt to avoid the plain language of § 211(c), plaintiffs also claim in their motion—although nowhere in the Complaint—that an annual meeting must be held at least once every 13 months "[p]ursuant to the by-laws of Sunrise." Pls. Mem. at 1. Even if a claim based on the language of the bylaws was somehow immune from § 211(c)—a contention plainly at odds with the statute itself—this would avail plaintiffs nothing. The Company's bylaws contain no "13 month" rule; rather, the bylaws state only that the corporation shall hold annual meetings

"on such date and at such time as shall be designated from time to time by the Board of Directors, the Chairman of the Board or the President," and that notice of such meeting be given "not less than ten nor more than sixty days before the date of the meeting." *See* Sunrise Bylaws, at 1-2 (attached as Ex. A to Pls.' Mem.); Stmt. of Gen. Issues at ¶¶ 7-8. Nothing in this language speaks to the number of months between the 2006 and 2007 annual meetings, and nothing in the language suggests a violation of the bylaws because the 2007 annual meeting has not yet been noticed or held as of mid-year. Plaintiffs' Count X thus necessarily rests directly on § 211(c) itself—as ¶ 89 of the Complaint makes clear—and hence it is beyond dispute that plaintiffs' sole remedy lies in the Delaware Chancery Court. For this reason, plaintiffs' summary judgment motion must be denied.

## II. DERIVATIVE PLAINTIFFS LACK STANDING TO SEEK RELIEF UNDER TITLE 8, DELAWARE CODE, SECTION 211.

Even assuming, *arguendo,* that § 211(c) did authorize courts other than the Chancery Court to hear disputes arising under the statute and award its remedy in appropriate cases, summary judgment must still be denied for the independent reason that plaintiffs lack standing. Section 211(c) and Delaware case law are explicit that only a "stockholder or director" may apply for an order compelling an annual meeting. 8 Del. C. § 211(c); *see Speiser v. Baker,* Del. Ch., 525 A.2d 1001, 1005 (1987) (a plaintiff must show that he is a stockholder to demonstrate a *prima facie* case for recovery under the statute). Because this action has been brought as a derivative case, however, plaintiffs do not sue in their individual capacities; rather, they purport to bring their claims—including Count X—for and on behalf of Sunrise.3/

---

3/ Although plaintiffs' memorandum *asserts* that this action was brought by plaintiffs "individually and derivatively on behalf of Sunrise," citing to ¶ 1 of the Complaint to support this proposition, *see* Pls.' Mem. at 1-2, both that paragraph and others in the Complaint explicitly reject the contention that plaintiffs are suing individually. Paragraph 1 states in its

6

Delaware law is clear that "derivative claim[s] belong[] to the corporation, not to the shareholder plaintiff who brings the action," and the named plaintiff, 'standing in the Corporation's shoes,' is thus authorized only "to assert the corporation's right to seek redress for the alleged wrongdoing." *In re MAXXAM, Inc./ Federated Development Shareholder Litigation*, Del. Ch., 698 A.2d 949, 956 (1996) (internal citations omitted). Sunrise is neither a director nor a stockholder of itself, and thus it is not one of the persons authorized to seek relief under § 211(c). Indeed, Sunrise is properly viewed as the real "***defendant*** in interest" in a claim brought under § 211(c)—as evidenced by the *Millenco* action pending in Delaware which names Sunrise as the sole defendant (*see* Ex. A hereto). It is thus hardly surprising that § 211(c) does not list the corporation as among those who can ***bring*** a claim. Because Sunrise, the real "***plaintiff*** in interest" in ***this*** case, does not have standing to bring a claim under the statute, neither may plaintiffs, "standing in Sunrise's shoes," assert such a claim on Sunrise's behalf. Thus, even if this Court were a permissible forum for bringing a claim for violation of § 211(c), this derivative suit would not be the proper vehicle, since plaintiffs lack standing to bring that claim.

---

entirety: "This is a shareholders' derivative action brought for the benefit of nominal defendant Sunrise Senior Living, Inc. ('Sunrise' or the 'Company') against certain members of its Board of Directors (the 'Board'), and certain of its executive officers seeking to remedy defendants' breaches of fiduciary duties, unjust enrichment, statutory violations, and other violations of law." Plaintiffs reiterate the derivative nature of their claims in ¶ 160, where they assert: "Plaintiffs bring this action derivatively in the right and for the benefit of the Company to redress defendants' breaches of fiduciary duties and unjust enrichment." *See* Stmt. of Gen. Issues at ¶¶ 10-11.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for partial summary judgment as to Count X of their Consolidated Shareholder Derivative Complaint should be denied.

Respectfully Submitted,

Dated: August 6, 2007  **HOGAN & HARTSON, LLP**

/s/     George H. Mernick, III
George H. Mernick, III (DC Bar 294256)
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone:   (202) 637-5726
Facsimile:    (202) 637-5910

N. Thomas Connally (DC Bar 448355)
Jon M. Talotta (DC Bar 473626)
8300 Greensboro Drive, Suite 1100
McLean, Virginia  22102
Telephone:   (703) 610-6100
Facsimile:    (703) 610-6200

*Attorneys for Nominal Defendant*
*Sunrise Senior Living, Inc.*


**GIBSON DUNN & CRUTCHER, LLP**

/s/     John C. Millian
John C. Millian (DC Bar 413721)
Matthew R. Estabrook (DC Bar 477880)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:   (202) 955-8500
Facsimile:    (202) 467-0539
HOGAN & HARTSON LLP

*Attorneys for Defendants Ronald V. Aprahamian,*
*Craig R. Callen, Thomas J. Donohue, J. Douglas*
*Holladay, Paul J. Klaassen, Teresa M. Klaassen,*
*and William G. Little*

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing, DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, was served this 8th day of August, 2007, in accordance with the Court's CM/ECF Guidelines.  In addition, the forgoing was served this 8th day of August, 2007, via first-class mail, postage prepaid, on:

> Maya Saxena
> Joseph White
> SAXENA WHITE, P.A.
> 2424 North Federal Highway, Suite 257
> Boca Raton, FL  33431
>
> *Co-Lead Counsel for Plaintiffs*
>
>
> Brian J. Robbins
> Felipe J. Arroyo
> Ashley R. Palmer
> ROBBINS, UMEDA, & FINK, LLP
> 610 West Ash Street, Suite 1800
> San Diego, CA  92101
>
> *Co-Lead Counsel for Plaintiffs*

/s/      Jon M. Talotta
Jon M. Talotta, Esq.
jmtalotta@hhlaw.com

# EXHIBIT A

EFiled: Jul 16 2007 9:42AM EDT
Transaction ID 15552389
Case No. 3095

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MILLENCO, L.L.C., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. _____ |
| ) | |
| SUNRISE SENIOR LIVING, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT PURSUANT TO 8 *DEL. C.* § 211

Plaintiff, Millenco, L.L.C. ("Millenco"), by and through its undersigned attorneys, brings this action against defendant Sunrise Senior Living, Inc. ("Sunrise") seeking an order from this Court requiring that Sunrise conduct its 2007 Annual Meeting of Stockholders (the "2007 Annual Meeting") pursuant to 8 *Del. C.* § 211 ("Section 211").

### INTRODUCTION

1. This action seeks to require Sunrise to conduct its 2007 Annual Meeting.

2. Under 8 *Del. C.* § 211(c), Sunrise's stockholders are entitled to an annual meeting within thirteen months of the last annual meeting. The last annual meeting of Sunrise's stockholders was held on May 16, 2006. Thus, 8 *Del. C.* § 211(c) mandates that the 2007 Annual Meeting should have been held no later than June 16, 2007.

3. June 16, 2007 has passed, but Sunrise's Annual Meeting for 2007 has not even been scheduled. Sunrise has failed to meet its obligation under Delaware law to timely hold an annual meeting.

## FACTS

4. At all times relevant to this action, Plaintiff Millenco has been and continues to be a stockholder of Sunrise. Millenco's principal executive offices are located at 666 Fifth Avenue, 8th Floor, New York, New York, 10103.

5. Defendant Sunrise is a corporation organized under the laws of the State of Delaware, with its principal executive offices located at 7902 Westpark Drive, McLean, VA 22102. It owns senior living services, including assisted living and nursing homes. It is listed on the New York Stock Exchange.

6. Sunrise has a classified board of directors. The terms of two of the directors—Messrs. Craig R. Callen and Paul J. Klaassen—expire at the 2007 Annual Meeting.

## CLAIM FOR RELIEF

### COUNT 1 – SETTING DATE FOR ANNUAL MEETING OF STOCKHOLDERS PURSUANT TO 8 *DEL. C.* § 211(c)

7. Plaintiff repeats and realleges the allegations of the foregoing paragraphs 1-6 as if fully set forth herein.

8. Sunrise has not held an annual meeting of stockholders for the election of directors within the last thirteen months in accordance with 8 *Del. C.* § 211(b). Sunrise has not taken action by unanimous written consent in lieu of an annual meeting within the last thirteen months to elect directors in accordance with 8 *Del. C.* § 211(b).

9. As of the date of the filing of this Complaint, the Company has not designated any date for the holding of an annual meeting of stockholders.

10. Pursuant to 8 *Del. C.* § 211(c), Millenco is entitled to an order of this Court summarily directing Sunrise to hold promptly an annual meeting for the election of

directors and stating that the shares of stock represented at such meeting, whether in person or by proxy, and entitled to vote thereat, shall constitute a quorum for the purpose of such meeting.

      11.    Millenco has no adequate remedy at law.

★ ★ ★

WHEREFORE, Millenco respectfully requests that this Court enter an order:

      A.    Summarily directing, pursuant to 8 *Del. C.* § 211, that Sunrise hold its 2007 Annual Meeting for the election of directors on a date certain no later than forty-five (45) days after the Order is entered in this action, and setting the record date on which those stockholders entitled to vote shall be determined;

      B.    Stating that the shares of stock represented at the court-scheduled 2007 Annual Meeting, either in person or by proxy, shall constitute a quorum, whether or not such shares constitute a quorum under Sunrise's bylaws or certificate of incorporation;

      C.    Awarding Millenco its costs and expenses in bringing this action, including its reasonable attorney fees; and

      D.    Granting such additional relief that the Court deems just and equitable.

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
David C. McBride (No. 408)
Elena C. Norman (No. 4780)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Dated: July 16, 2007

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In Re SUNRISE SENIOR LIVING, INC. Derivative Litigation | ) ) ) ) | Civil Action No. 1:07CV00143 Judge Reggie B. Walton |
| This Document Relates To: ALL ACTIONS | ) ) ) ) ) |  |

**STATEMENT OF GENUINE ISSUES OF DISPUTED MATERIAL FACTS IN
SUPPORT OF DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rules 7(h) and 56.1, nominal Defendant Sunrise Sr. Living, Inc. ("Sunrise"), and defendants Ronald V. Aprahamian, Craig R. Callen, Thomas J. Donohue, J. Douglas Holladay, Paul J. Klaassen, Teresa M. Klaassen, and William G. Little, each current directors of Sunrise, respectfully submit the following statement of genuine issues in support of their opposition to Plaintiffs' Motion for Partial Summary Judgment as to Count X of the Consolidated Shareholder Derivative Complaint (the "Complaint"). 1/

**RESPONSES TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS**

In response to plaintiffs' statement of material facts in support of their motion for partial summary judgment, Sunrise and the current director defendants state:

1.  Disputed. No factual basis has been provided to support plaintiffs' conclusory assertion. There has been no discovery in this case and, thus, no opportunity to test whether

---

1/   This statement is intended to address only those specific issues raised in Plaintiffs' Motion for Partial Summary Judgment as to Count X. Nothing herein shall be construed as Sunrise or any defendant conceding or otherwise waiving any right or ability to dispute other facts or related issues in subsequent proceedings, including preliminary motions.

plaintiffs are or ever have been owners of Sunrise stock. Absent discovery on this fundamental element of plaintiffs' standing to bring suit, summary judgment in their favor on any issue is premature.

2. Undisputed.

3. Disputed. No factual basis has been provided to support plaintiffs' conclusory assertion. There has been no discovery in this case and, thus, no opportunity to test whether and, if so, to what extent, the lead plaintiffs "reviewed and verified as true and correct the factual allegations in the [Complaint]." In light of their failure to make a presuit demand on Sunrise's board of directors, or to request inspection of Sunrise's books and records prior to filing suit, it appears that the lead plaintiffs conducted little if any review or verification of the "factual allegations" in the Complaint.

4. Undisputed.

5. Undisputed.

6. Undisputed.

7. Disputed. Although plaintiffs have accurately quoted portions of Article 2, Section 2.2 of Sunrise's bylaws, plaintiffs' selective quotations mischaracterize the overall meaning and intent of Sunrise's bylaws.

8. Disputed. Although plaintiffs have accurately quoted portions of Article 2, Section 2.4 of Sunrise's bylaws, plaintiffs' selective quotations mischaracterize the overall meaning and intent of Sunrise's bylaws.

### ADDITIONAL GENUINE ISSUES

In support of their opposition to plaintiffs' motion for partial summary judgment, Sunrise and the current director defendants further state:

9.      Before filing suit, plaintiffs did not make the demand on Sunrise's Board of Directors that is required by Fed. R. Civ. P. 23.1 and controlling principles of Delaware law. Before filing suit, plaintiffs did not make a request to inspect Sunrise's books and records.

10.     Paragraph 1 of the Complaint states: "***This is a shareholders' derivative action brought for the benefit of nominal defendant Sunrise Senior Living, Inc.*** ('Sunrise' or the 'Company') against certain members of its Board of Directors (the 'Board'), and certain of its executive officers seeking to remedy defendants' breaches of fiduciary duties, unjust enrichment, statutory violations, and other violations of law" (emphasis added).

11.     Paragraph 160 of the Complaint states: "***Plaintiffs bring this action derivatively in the right and for the benefit of the Company*** to redress defendants' breaches of fiduciary duties and unjust enrichment" (emphasis added).

12.     The Complaint in *Millenco, L.L.C. v. Sunrise Senior Living, Inc.*, C.A. No. 3095 (Del. Ch. filed July 16, 2007), alleges that the last annual meeting of Sunrise shareholders was held on May 16, 2006, and it asks the Chancery Court to direct, pursuant to DGCL § 211(c), that Sunrise hold its 2007 annual meeting within a specified period following the entry of a court order. The Chancery Court has set a trial date of September 5, 2007 in that matter.

13.     Three days after the *Millenco* case was filed, plaintiffs here filed a motion for partial summary judgment on Count X of the instant Complaint, requesting similar relief.

                                        Respectfully Submitted,

Dated: August 6, 2007                   **HOGAN & HARTSON, LLP**

                                        /s/     George H. Mernick, III
                                        George H. Mernick, III (DC Bar 294256)
                                        Columbia Square
                                        555 Thirteenth Street, NW
                                        Washington, D.C. 20004

Telephone: (202) 637-5726
Facsimile: (202) 637-5910

N. Thomas Connally (DC Bar 448355)
Jon M. Talotta (DC Bar 473626)
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
Telephone: (703) 610-6100
Facsimile: (703) 610-6200

*Attorneys for Nominal Defendant*
*Sunrise Senior Living, Inc.*


**GIBSON DUNN & CRUTCHER, LLP**

/s/      John C. Millian
John C. Millian (DC Bar 413721)
Matthew R. Estabrook (DC Bar 477880)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
HOGAN & HARTSON LLP

*Attorneys for Defendants Ronald V. Aprahamian,*
*Craig R. Callen, Thomas J. Donohue, J. Douglas*
*Holladay, Paul J. Klaassen, Teresa M. Klaassen,*
*and William G. Little*

4

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing, STATEMENT OF GENUINE ISSUES OF DISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, was served this 8th day of August, 2007, in accordance with the Court's CM/ECF Guidelines.  In addition, the forgoing was served this 8th day of August, 2007, via first-class mail, postage prepaid, on:

>Maya Saxena
>Joseph White
>SAXENA WHITE, P.A.
>2424 North Federal Highway, Suite 257
>Boca Raton, FL  33431
>
>*Co-Lead Counsel for Plaintiffs*
>
>
>Brian J. Robbins
>Felipe J. Arroyo
>Ashley R. Palmer
>ROBBINS, UMEDA, & FINK, LLP
>610 West Ash Street, Suite 1800
>San Diego, CA  92101
>
>*Co-Lead Counsel for Plaintiffs*

>>/s/     Jon M. Talotta
>>Jon M. Talotta
>>jmtalotta@hhlaw.com