UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re SUNRISE SENIOR LIVING, INC. Derivative Litigation | ) ) ) ) ) |
| This Document Relates To: ALL ACTIONS | ) ) ) ) ) ) |

Civil Action No. 07-00143

**PLAINTIFFS' REPLY MEMORANUDM IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Lead Plaintiffs Brockton Contributory Retirement System, Catherine Molner and Robert Anderson ("Plaintiffs") hereby submit this reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Def. Mem.") on Count X of Plaintiffs' Consolidated Complaint.

Defendants incorrectly construe Delaware General Corporation Law § 211(c) ("§ 211(c)") as conferring exclusive jurisdiction on the Delaware Chancery Court for enforcement of the statute's requirement that Delaware corporations hold an annual meeting of shareholders at least once every thirteen months. Furthermore, even if Defendants were correct in their interpretation, that should not stop this Court from ruling on the applicable legal principle and entering an order, which Plaintiffs could then transfer to the Delaware Court of Chancery for enforcement.

Defendants also contend (mistakenly) that Plaintiffs have improperly brought their § 211(c) claim derivatively. On the contrary, Plaintiffs recognize that the benefit of Sunrise Senior Living, Inc. ("Sunrise" or the "Company") holding an annual meeting involves the interest of shareholders' voting rights and that such benefits flow directly to

the shareholders. Accordingly, Count X of the Consolidated Complaint ("Count X") is brought as a direct claim against the Director Defendants[1] who violated § 211(c) by failing to hold an annual shareholder meeting as Delaware law requires. To the extent there is any confusion created by the form of the pleadings, Plaintiffs, with the permission of the Court, can file a corrected version of the Consolidated Complaint to clarify that Count X is a direct claim.

## STATEMENT OF FACTS

Plaintiffs are shareholders of Sunrise. On June 29, 2006, Plaintiffs filed a Consolidated Complaint alleging, among other things, that the Director Defendants violated Delaware General Corporation Law § 211(c) by failing to hold an annual shareholder meeting within the thirteen months prescribed by the statute. More than two weeks later, on July 16, 2007, Millenco L.L.C. filed in the Delaware Court of Chancery an action limited to seeking relief for Sunrise's failure to hold an annual meeting in violation of § 211(c) (the "Delaware Action").[2] On July 19, 2007, Plaintiffs filed a Motion for Partial Summary Judgment ("Plaintiffs' Motion") with respect to Count X, alleging the Director Defendants' violation of Delaware law. In Defendants' opposition memorandum, Defendants mischaracterize Plaintiffs' Motion as a "me too" motion. Def. Mem. at 3. However, Plaintiffs sought relief for the Director Defendants' failure to hold an annual shareholder meeting weeks before Millenco L.L.C. filed the Delaware Action. Plaintiffs filed their motion because there is no dispute as to any material fact concerning

---

[1] The Director Defendants are Paul J. Klaassen, Teresa M. Klaassen, Ronald V. Aprahamian, Craig R. Callen, Thomas J. Donohue, J. Douglas Holladay and William G. Little.

[2] As Defendants note, the Delaware Court of Chancery has set a hearing date on the Delaware Action for September 5, 2007. Def. Mem. at 3. Plaintiffs are monitoring the progress of the Delaware Action and will apprise the Court of any developments therein that may impact the disposition of the instant motion.

Defendants' failure to hold an annual meeting, which makes the matter ripe for summary judgment.

## ARGUMENT

### 1. This Court Has Jurisdiction to Rule on Sunrise's Failure to Hold an Annual Meeting as Required by Delaware Corporate Law

Defendants' contention that § 211(c) confers sole jurisdiction on the Delaware Court of Chancery to remedy the Director Defendants' failure to hold an annual meeting is baseless. Defendants rely on Supreme Court cases citing general statutory construction principles, but do not (nor can they) point to a single case holding that § 211(c) vests exclusive jurisdiction in the Delaware Court of Chancery to order a company's annual shareholder meeting. Moreover, this Court will undoubtedly be asked by Defendants to interpret and apply Delaware law with regard to the other counts alleged in the Consolidated Complaint since Sunrise is a Delaware corporation. Thus, Defendants' assertion that the instant motion is not within the purview of the Court is contradictory.

Even assuming *arguendo* that Defendants were correct that the relief Plaintiffs seek is beyond the jurisdiction of this Court, Defendants offer no cognizable argument as to why this Court is precluded from ruling that the Director Defendants violated §211(c). Following this Court's ruling that the Director Defendants have violated §211(c), Plaintiffs can transfer this Court's order to the Delaware Court of Chancery for enforcement.

Moreover, this Court should grant Plaintiffs' Motion because Defendants do not dispute any material facts concerning their failure to timely convene an annual shareholders meeting. Indeed, Defendants admit that Sunrise has not held an annual meeting in more than thirteen months. *See* Defs.' Resp. to Plaintiffs' Statement of

Material Facts at ¶¶ 4–6.  Therefore, under Delaware law, Plaintiffs have made a *prima facie* case for a violation of § 211(c).  *Saxon Indus., Inc. v. NKFW Partners*, 488 A.2d 1298, 1301 (Del. 1985).  Since Defendants have not asserted any viable affirmative defenses to Plaintiffs' Motion, this Court need only find the undisputed fact that the Director Defendants have failed to hold an annual meeting in more than 13 months to hold that the Director Defendants violated § 211(c).

### 2. Plaintiffs Allege Count X Directly as Stockholders of Sunrise

Defendants attempt to sidestep their culpability for not holding an annual meeting by asserting that Plaintiffs have improperly brought their § 211(c) claim derivatively.  Defendants are wrong.  Plaintiffs bring Count X individually and directly against the Director Defendants.  Defendants' assertion to the contrary is merely a dilatory tactic.  In the event that this Court determines that the Consolidated Complaint contains some latent ambiguity as to whether Count X is brought directly, Plaintiffs stand ready to remedy any confusion by filing a corrected pleading.

## CONCLUSION

For all of the foregoing reasons, this Court may properly grant summary judgment in favor of the Plaintiffs on Count X of the Consolidated Complaint.

Dated: August 16, 2007                     Respectfully submitted,

DAVIS, COWELL & BOWE, LLP

/s/ Mark Hanna
George R. Murphy (DC Bar 75200)
Mark Hanna (DC Bar 471960)
Joni S. Jacobs (DC Bar 493846)
1701 K Street NW, Suite 210
Washington, DC 20006
Telephone: (202) 223-2620
Facsimile: (202) 223-8651
*Liaison Counsel*

SCHIFFRIN BARROWAY TOPAZ
& KESSLER, LLP
Eric L. Zagar
Eric Lechtzin
J. Daniel Albert
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

SAXENA WHITE P.A.
Maya Saxena
Joseph E. White III
2424 North Federal Highway, Suite 257
Boca Raton, FL 33431
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

ROBBINS, UMEDA, & FINK LLP
Brian J. Robbins
Felipe J. Arroyo
Ashley R. Palmer
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Co-Lead Counsels for Plaintiffs*