**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                        )
In Re SUNRISE SENIOR LIVING, INC.        )
Derivative Litigation                               )
_____)        Civil Action No. 1:07CV00143
                                                        )        Judge Reggie B. Walton
This Document Relates To:                        )
                                                        )
    ALL ACTIONS                                 )
_____)

**INDIVIDUAL DEFENDANTS' AND NOMINAL DEFENDANT'S**
**JOINT MEMORANDUM IN OPPOSITION TO**
**<u>MOTION FOR LEAVE TO AMEND THE PLEADING</u>**

Under the agreed briefing schedule for the pending motions to dismiss their first

amended complaint, Plaintiffs' opposition was due on October 12, 2007.   On October 3,

Plaintiffs requested a two-week extension to file their oppositions on October 26, to which the

individual and nominal defendants agreed.  There was no mention of amendment.  On

October 26, no Plaintiff filed an opposition to the pending motions to dismiss.  Rather, two of the

three lead Plaintiffs attempted to file a second amended complaint without obtaining leave of

Court or the defendants' written consent.  This attempt to avoid dismissal by last-minute

amendment fails, because the filing without leave on October 26 was a nullity under Rule 15(a)

and 21 of the Federal Rules of Civil Procedure.

After the attempted filing was challenged by the defendants and (as later disclosed)

rejected by the Clerk of the Court, Plaintiffs' counsel filed the instant motion for leave to amend.

Although leave is liberally granted, there are limits.  The proposed amendments add nothing of

substance.  Rather Plaintiffs' counsel merely sharpen their conclusory allegations to assert that

many of the individual defendants knowingly participated in the approval of backdated stock option grants, without any specific factual basis for making such assertions.

More importantly, the purported justification for these new assertions, and thus for leave to amend, is preposterous.  The basis for the requested leave to amend is "additional material information that became available only after the filing of the Consolidated Complaint."  Two sources are cited for this supposed "additional material information."  First, the movants reference the report of the Special Independent Committee ("Special Committee Report") investigating questions regarding the timing of stock option grants to directors and officers of nominal defendant Sunrise Senior Living, Inc. ("Sunrise" or the "Company").  Mot. for Leave to Amend the Pleading [Docket No. 50], Hanna Aff., Ex. A thereto.  As the Special Committee Report states, however, the Special Independent Committee found "no evidence of backdating or other intentional misconduct" with respect to the options grants examined.  Id.  The Special Committee Report thus expressly refutes any assertion of backdating or intentional misconduct, and obviously provides no basis, much less a good-faith basis, for the movants to make additional allegations regarding intentional backdating of options at Sunrise.

Second, the movants point to an employment suit brought by former Sunrise officer Bradley Rush (the "Rush Employment Complaint").  Hanna Aff., Ex. B thereto.  Yet, Rush (himself a defendant in this case) makes no claim that options were backdated at Sunrise.  There is thus no basis for the proposed amendments to be found in the Rush Employment Complaint.

In short, rather than responding substantively to the challenges in the pending motions to dismiss, it appears that the movants have simply fabricated additional conclusory assertions of knowledge and intent in an attempt to stave off dismissal.  Having failed initially to

even seek leave to file their second amended complaint, the movants now come forward with grounds for leave that are, at best, specious. The supposed sources for the proposed amendments make no assertions of options backdating. Indeed, the Special Committee Report directly refutes such assertions. Moreover, even if there were a good-faith basis for the amended allegations, they do not affect many of the core arguments set forth in the pending motions to dismiss, including Plaintiffs' failure to make presuit demand, as shown in nominal defendant Sunrise's motion, and the bar imposed by the statute of limitations, as shown in the individual defendants' motions.

Given these circumstances, it would not further the "ends of justice" to allow the movants to avoid responding to the pending motions to dismiss by adding conclusory and baseless allegations to their complaint. See Fed. R. Civ. P. 15(a). 1/ As a result, leave to amend should be denied. Moreover, as Plaintiffs have failed to respond to the pending motions to dismiss, under Local Rule 7(b), the Court should treat those motions as conceded and this suit should be dismissed.

## BACKGROUND

The instant suit is the consolidation of three of the six putative derivative complaints filed in the past 15 months against current and former directors and officers of Sunrise Senior Living, Inc. ("Sunrise" or the "Company"). None of the plaintiffs in these suits made a presuit demand on Sunrise's Board of Directors, nor did any request to inspect Sunrise's books and records. None of these suits has progressed beyond preliminary motions.

The first assertions of any claims of stock options backdating at Sunrise were made in August and early-September 2006, in two derivative suits filed in the Circuit Court for

---

1/ The movants are also attempting to alter the Court-approved lead structure, replacing an institutional plaintiff with an individual, without any explanation. See Fed R. Civ. P. 21.

Fairfax County, Virginia, by individual shareholders represented by Schiffrin & Barroway, LLP ("Schiffrin & Barroway"). 2/  The <u>Von Guggenberg</u> suit was dismissed for failure to make a presuit demand and on statute of limitations grounds.  <u>See</u> September 15, 2006 Final Order, Ex. 1 hereto.  After being stayed pending resolution of Von Guggenberg's appeal, Schiffrin & Barroway filed an uncontested notice of nonsuit in <u>Molner I</u> (permitted by right under Virginia law) and re-filed on behalf of Catherine Molner in this Court (discussed below).

On December 11, 2006, in response to a letter from the Service Employees International Union, CLC (the "SEIU"), which was sent simultaneously to Sunrise and to news outlets, Sunrise's Board appointed a Special Independent Committee (assisted by independent counsel and independent auditors and forensic accountants) to review the Company's historical practices related to stock options grants and insider sales of Sunrise stock.  Consolidated Shareholder Derivative Compl. ¶ 114.

This suit was initiated just weeks after the appointment of the Special Independent Committee, with the filing of derivative complaints by putative derivative plaintiffs Brockton Contributory Retirement System ("Brockton"), Molner and Robert Anderson in January and early February 2007. 3/  On March 7, 2007, another putative shareholder derivative suit was filed in the Court of Chancery for the State of Delaware, New Castle County, which was essentially a

---

2/      The two derivative complaints were captioned <u>Von Guggenberg v. Klaassen, et al.</u>, Case No. CL-2006-10174, filed Aug. 11, 2006; <u>Molner v. Klaassen, et al.</u>, Case No. CL-2006-11244, filed September 6, 2006 ("<u>Molner I</u>").

3/      The three derivative complaints in this Court were captioned <u>Brockton Contributory Retirement System v. Klaassen, et al.</u>, Case No. 1:07CV00143, filed Jan. 19, 2007; <u>Molner v. Klaassen, et al.</u>, Case No. 1:07CV00227, filed Jan. 31, 2007 ("<u>Molner II</u>"); <u>Anderson v. Paul K. Klaassen, et al.</u>, Case No. 1:07CV00286, filed Feb. 5, 2007.

copy-and-paste of the <u>Molner II</u> complaint, captioned <u>Young, et al. v. Klaassen, et al.</u>, Case No.

2770-VCL. <u>4</u>/

On May 9, 2007, the three derivative complaints filed in this Court were

consolidated into the <u>Brockton</u> suit by court order (the "Consolidation Order"), and captioned <u>In</u>

<u>re Sunrise Senior Living, Inc. Derivative Litig.</u>, Case No. 07-00143.  The Consolidation Order

also established the lead structure, appointing Brockton, Molner, and Anderson as lead plaintiffs

("Plaintiffs").  <u>See</u> Consol. Order [Docket No. 20].  In addition, the Consolidation Order states:

> WHEREAS, counsel for Plaintiffs and Sunrise have met
> and conferred and have agreed that, given the anticipated
> filing of an <u>Amended Complaint</u> in the consolidated action,
> Sunrise and the Individual Defendants need not respond to
> the current Brockton, Molner and Anderson
> complaints.  Counsel for Plaintiffs and Sunrise are in
> discussions regarding an agreed schedule for Sunrise and
> the Individual Defendants to respond to the <u>Amended</u>
> <u>Complaint</u>.
>
> *          *          *
>
> Sunrise and the Individual Defendants need not respond to
> the current Brockton, Molner and Anderson complaints.
> Upon entry of this stipulation by the Court, the parties will
> submit a joint proposed schedule for the filing of a
> consolidated <u>Amended Complaint</u> and response(s) thereto.

<u>Id.</u> at 6 and 8 (emphases added).  By stipulated order, Plaintiffs were required to file the

"Amended Complaint" referenced in the Consolidation Order on or before June 29, 2007

[Docket No. 25], the date on which Plaintiffs filed their Consolidated Shareholder Derivative

Complaint (the "First Amended Complaint").  [Docket No. 26]

---

<u>4</u>/      The individual defendants and Sunrise moved to dismiss or stay the <u>Young</u> suit on
grounds similar to those set forth in the pending motions to dismiss the First Amended
Complaint in this case.  Rather than contest those motions, the <u>Young</u> plaintiffs requested
additional time to either consent to a stay or file an amended complaint, and subsequently filed
an amended complaint on September 17, 2007.  On November 2, 2007, the individual defendants
in that case, as well as nominal defendant Sunrise, again moved to dismiss or stay the <u>Young</u> suit.

On August 27, 2007, the Individual Defendants and Sunrise filed preliminary motions. 5/  The Individual Defendants moved to dismiss the First Amended Complaint on various grounds, including failure to state a claim and statute of limitations.  [Docket Nos. 36, 40-41, 45]  Sunrise moved to dismiss based on Plaintiffs' failure to make a presuit demand on Sunrise's Board of Directors or, in the alternative, to stay the derivative suit pending the resolution of the securities class action case brought against Sunrise and its current and former directors and officers in this Court. 6/  [Docket Nos. 38-39]

On September 28, 2007, the Special Independent Committee reported the findings of its investigation into Sunrise's historic stock option grants and certain accounting practices. The investigation involved:

- "the collection and review, by manual inspection, electronic word search and other means, of more than 2.5 million electronic and hard copy documents;"

- "interviews of 37 individuals, including current and former employees, current and former directors and audit engagement team members of its external auditor, Ernst & Young, LLP;"

- "advi[ce] by [the Special Independent Committee's] independent counsel, WilmerHale;" and

---

5/      The Individual Defendants are:  Paul Klaassen, Carl Adams, Ronald Aprahamian, Craig Callen, Thomas Donohue, David Faeder, Douglas Holladay, Larry Hulse, Teresa Klaassen, Thomas Newell, Robert Slager, Christian Slavin, Timothy Smick, Brian Swinton, Tiffany Tomasso, David Bradley, and Bradley Rush.

6/      The two class action complaints were captioned United Food & Commercial Workers Union Local 880-Retail Food Employers Joint Pension Fund, et al. v. Sunrise Senior Living, Inc., et al., Case No. 1:07CV00102, filed Jan. 16, 2007; First New York Securities, L.L.C. v. Sunrise Senior Living, Inc., et al., Case No. 1:07CV00294, filed Feb. 8, 2007.  An amended consolidated complaint will be filed, by agreed order, in conjunction with Sunrise's issuance of restated financials.

- "support of . . . FTI Consulting, Inc. and Huron Consulting Group, forensic accounting firms, to provide technical accounting guidance and analysis, as well as to assist with document collection and review, interview support, and transaction review."

<u>See</u> Mot. for Leave to Amend. Pleading, Hanna Aff., Ex. A (Sunrise Oct. 1, 2007 8K) (emphases added). "The Company and its officers, employees and directors cooperated fully with the investigation." <u>Id.</u>

The Special Independent Committee found, in pertinent part:

- "<u>no evidence</u> of backdating or other intentional misconduct with respect to the grants on the 38 grant dates examined, including those specifically questioned by the SEIU, or the possible errors identified by the Special Independent Committee in the accounting for stock options;"

- "<u>no evidence</u> of an intention to reach an inappropriate accounting result with respect to the two categories of real estate accounting errors reviewed, <u>no knowledge</u> that these accounting errors were incorrect at the time they were made, and <u>no evidence</u> that information was concealed from review by the external auditors at the time the accounting judgments were made;" and

- "<u>no evidence</u> that any director or officer who traded in the months prior to the announcement of the accounting review had material non-public information relating to either of these two categories of real estate accounting errors."

<u>Id.</u> (emphases added).

By agreement, Plaintiffs' opposition to the pending motions to dismiss was due on October 12, 2007. On October 3, Plaintiffs requested an extension to October 26 to file their opposition, to which the Individual Defendants and Sunrise agreed. [Docket No. 48] A second amended complaint was not mentioned in connection with Plaintiffs' request for an extension of time. On Friday, October 26, rather than contest the pending motions to dismiss, two of the lead Plaintiffs (Molner and Anderson) and an individual purporting to be a new lead plaintiff (Janie Morrison), attempted to file an Amended Consolidated Shareholder Derivative Complaint (the "Second Amended Complaint"), without seeking leave of Court, or the other parties' written

consent.  The Second Amended Complaint purports to add additional conclusory allegations of intentional misconduct on the part of certain Individual Defendants.  The pleading also purports to change the lead structure by dropping Brockton and adding Morrison as a lead plaintiff.

On Monday, October 29, counsel for Sunrise informed Plaintiffs' counsel that the Second Amended Complaint was not properly filed, and that leave of Court was required.  See Oct. 29, 2007 Connally E-Mail, Ex. 2 hereto.  On October 30, the Clerk of the Court informed Plaintiffs' counsel that the October 26 filing was improper and would not be docketed without corrective measures (i.e., obtaining the other parties' consent or the Court's leave to amend).  See Oct. 30, 2007 Wilkins E-Mail, Ex. 3 hereto.  Defendants' counsel were not informed that the attempted filing had been rejected by the Clerk until November 7, after they had specifically asked Plaintiffs' counsel whether this was the case.  See Nov. 7, 2007 Talotta E-Mail, Ex. 4 hereto.

On November 6, having reviewed the proposed amended pleading, Defendants informed the Plaintiffs that they would not consent to its filing, and that certain of the Individual Defendants intended to raise Rule 11 objections to the proposed pleading's new conclusory allegations.  Undeterred, Molner, Anderson and Morrison (together, "Movants") filed the instant motion on November 8, 2007, seeking leave to file the Second Amended Complaint.  [Docket No. 50]  On November 21, 2007, certain of the Individual Defendants confirmed their objections to the Second Amended Complaint by written notice, stating that it contains baseless, conclusory allegations that plainly lack a good-faith basis, and that sanctions against the Movants and their counsel would be requested if those allegations were not withdrawn.  See Nov. 21, 2007 Millian Letter, Ex. 5 hereto; Nov. 21, 2007 Sechler Letter, Ex. 6 hereto.

## ARGUMENT

**I.    Leave of Court is Required to File the Second Amended Complaint**

Plaintiffs previously stipulated that the First Amended Complaint, filed on

June 29, 2007, was an "Amended Complaint."  Thus, the proposed pleading at issue is

indisputably Plaintiffs' second amended complaint and could not be filed without leave of Court

or the other parties' written consent, neither of which was obtained.  See Fed. R. Civ. P. 15(a).

Substantively, the three separate complaints filed by Plaintiffs at the outset of this

derivative suit asserted different claims based on different allegations arising from different

events.  While there was some overlap among the claims, allegations and underlying events pled,

they were by no means the same.  The First Amended Complaint did not consolidate the

essentially identical complaints of multiple plaintiffs arising from a single event, such as a

corporate merger or an automobile accident.  Here, the initial complaints asserted varied claims

challenging different stock option grants and accounting events spanning a period of years, and

thus the consolidation of those complaints constituted a substantive amendment. 7/  See Martin v.

Nw. Mut. Life Ins. Co., Case Nos. 05-C-0209 and 05-C-1097, 2006 WL 995122, at *1 and n.1

(E.D.Wis. Apr. 10, 2006) (noting that consolidated complaint may amend earlier filed

complaints); In re Prudential Sec. Inc. Ltd. P'ship Litig., 158 F.R.D. 562, 570 (S.D.N.Y. 1994)

(treating proposed Consolidated Complaint as amendment to prior constituent complaints).

Moreover, when their claims were consolidated in the Brockton suit, Brockton,

Molner and Anderson were appointed by the Court as lead plaintiffs.  While the Consolidation

---

7/    The case cited by Movants does not alter this analysis.  In In re Guidant Corp. Derivative
Litigation, the district court held that the filing of a motion to dismiss did not extinguish a
derivative plaintiff's ability to amend a consolidated complaint once as a matter of right, but the
court did not address whether the consolidated complaint filed in that case constituted an
amended complaint, as is the case here.  See 2005 U.S. Dist. LEXIS 45701, *4-7 (S.D.Ind. Dec.
22, 2005).

Order gives Plaintiffs' counsel authority to act on behalf of lead Plaintiffs Brockton, Molner and Anderson, it does not give them the power to substitute lead plaintiffs without judicial oversight (and without explanation).  The addition of new parties requires a motion, even prior to the filing of a responsive pleading.  See Fed. R. Civ. P. 21; Williams v. U.S.P.S., 873 F.2d 1069, 1073 n.2 (7th Cir. 1989) (plaintiff may not add parties through complaint amended as a matter of course); Gordon v. Lipoff, 320 F.Supp. 905, 922-23 (W.D. Mo. 1970) (same); see also 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1682 (3d ed. 1998) (Federal Rule of Civil Procedure 21 applies to all types of civil actions in federal court).  Accordingly, without leave, the Movants cannot substitute plaintiffs and unilaterally alter the court-approved lead structure, particularly where the maneuver involves dropping the only institutional plaintiff (Brockton) and adding an individual (Morrison) who was heretofore a stranger to this proceeding.  See Horn v. Raines, 227 F.R.D. 1, 3 (D.D.C. 2005) (appointing two institutional shareholders as lead plaintiffs in consolidating seven suits, and noting that institutional lead plaintiffs are preferred in derivative suits, as well as class actions).

For these reasons, the Movants' attempt to file the Second Amended Complaint without leave was improper and of no effect.  The attempted filing is a nullity; if docketed, it should be stricken.

## II.    Under the Circumstances, Leave to Amend Should Be Denied

Rule 15(a) states that: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; leave shall be freely given when justice so requires."  Given the nature of, and purported justification for, the proposed amendments, justice does not require that leave to amend be granted.

### A.    The Proposed Amendments Have No Basis in the Special Committee Report or the Rush Employment Complaint

The amendments proposed by the Movants do not contain any new specific facts that support the putative derivative claims in this case.  Rather, the Movants simply add conclusory accusations, unaccompanied by factual detail, to the effect that certain Individual Defendants knowingly participated in the backdating of options grants and/or knowingly approved and/or signed SEC disclosures overstating Sunrise's earnings.  For example, the proposed amendments include allegations:

- that the Individual Defendants "masterminded" the alleged backdating. Am. Consolidated Shareholder Derivative Compl. ¶¶ 19-23, 26, 29-38.

- that the Individual Defendants "concealed that stock option grants were repeatedly and consciously backdated," and did so "under false pretenses based on misrepresentations," by "falsify[ing] the relevant documents to make it appear as if the stock options were granted on the earlier date." Id. ¶¶ 75-77.

- pled with template-like consistency, that the Individual Defendants "knowingly used hindsight to select a date when Sunrise's stock was near [a periodic] low . . . [and] knew that backdating option grants . . . violated the Company's stock option plans." Id. ¶ 81; see id. ¶¶ 81-82, 85-86, 89-90, 92-93, 98-100, 102-103, 106-107, 110-111, 113-115, 118-120, 121-123, 126-127 (stating same with respect to different options grants).

As stated in their motion for leave, the Movants claim that the basis for these new allegations, and thus the justification for their motion for leave, is found in the Special Committee Report and the Rush Employment Complaint.  This is nonsense.  The Special Committee Report expressly refutes the notion that any backdating occurred at all, much less that any of the individual defendants knowingly participated in such conduct.  The Rush Employment Complaint makes no claim of options backdating at Sunrise, and thus cannot provide the basis

for the proposed amendments. 8/  Indeed, the Individual Defendants who are the object of these baseless and conclusory allegations have advised Movants of their intent to pursue Rule 11 sanctions if the allegations are not withdrawn, because Movants have no basis at all to make such accusations.  See Exs. 5 and 6.

###### B.    Granting Leave to Amend Will Only Result in Undue Delay and Prejudice

Tacitly acknowledging the merit of Defendants' motions to dismiss, the Movants have fabricated additional conclusory allegations in lieu of opposing those motions.  Yet these new conclusory allegations do not even relate, much less respond, to many of the core arguments presented in those motions (e.g., failure to allege demand futility, statute of limitations).  Furthermore, as noted above, these new conclusory assertions lack any specific factual content, much less a good-faith evidentiary basis.  Although such deficiencies certainly can be challenged in a later-filed motion to dismiss, they also support denial of Movants' request to amend the complaint in order to avoid undue delay and prejudice.  Foman v. Davis, 371 U.S. 178, 182 (1962) (finding lack of substance of proposed amendments a legitimate ground for refusing motion to amend); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (same).  Given the lack of substance in the proposed amendments, granting the motion for leave and forcing the Individual Defendants and Sunrise to re-brief all their motions to dismiss will only serve to (a) reward Movants for their gamesmanship, (b) delay the ultimate resolution of this case, and (c) increase the expense and burden on the Individual Defendants and Sunrise, on whose behalf the Movants purportedly seek to act.

---

8/    The Second Amended Complaint is laced with other similarly sharpened, yet factually empty, conclusory allegations of knowing and/or intentional misconduct.  See, e.g., Am. Consolidated Shareholder Derivative Compl. ¶¶ 91, 144, 150, 151, 155-57, 166-68, 173-75, 181-83, 188, 193, 210, 212, 214, 216.  Again, there is little, if any, connection between these allegations and the two supposed sources of  "additional material information."

### III.    The Pending Motions to Dismiss Are Unopposed and Should Be Granted

If leave to amend is properly denied, the Court should treat the pending motions to dismiss the First Amended Complaint as conceded.  Under Local Rule 7(b):  "Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." (emphasis added).  The Court has broad discretion to enforce Local Rule 7(b) as the circumstances dictate.  See, e.g., Bldg. Serv. Co. v. Nat'l R.R. Passenger Corp., 305 F.Supp. 2d 85, 93 (D.D.C. 2004) (Walton, J.) (observing that U.S. Circuit Court of Appeals for the District of Columbia "has yet to find that a district court's enforcement of this rule constituted an abuse of discretion.").

Here, there is no reason for the Court to refrain from applying Local Rule 7(b), because Plaintiffs cannot demonstrate any excusable neglect that might otherwise support a request for an extension of time to file opposition briefs.  Fed. R. Civ. P. 6(b)(2).  The pending motions to dismiss were filed on August 27.  By agreement, the Plaintiffs had six weeks (until October 12) in which to prepare their opposition papers.  In early October, Plaintiffs requested two additional weeks (until October 26), and the Defendants agreed.  No mention of an amended complaint was made in conjunction with this required extension.  Indeed, the Individual Defendants and Sunrise first learned of the proposed Second Amended Complaint when they received it by e-mail during the evening of October 26.

Under the existing orders in this suit, there is no question that the first consolidated complaint was an amended complaint, and that leave was required to amend it further.  The tactic of filing the Second Amended Complaint did not serve to relieve Plaintiffs of their duty to file a timely opposition to the Defendants' pending motions to dismiss.  After the

opposition deadline passed, the Movants requested leave to amend, but, as discussed above, they failed to show sufficient reason why they should be granted leave to add baseless, conclusory accusations.  Nor have Movants even offered an explanation for their proposed change to the lead structure.  In short, Plaintiffs have not taken any reasonable steps that might warrant an extension of time for opposing the Defendants' pending motions to dismiss, and the Court should treat the pending motions to dismiss as conceded.

## CONCLUSION

For these reasons, the Defendants respectfully request that the Court deny the Movants' Motion for Leave to Amend the Pleading, and strike their October 26, 2007 filing to the extent it may be docketed.  In addition, the Court should treat the Defendants' pending motions to dismiss the Consolidated Shareholder Derivative Complaint as conceded under Local Rule 7(b), and thus grant those motions and dismiss this case.

Respectfully Submitted,

Dated: November 23, 2007        **GIBSON DUNN & CRUTCHER, LLP**

/s/ John C. Millian
John C. Millian (DC Bar 413721)
Matthew R. Estabrook (DC Bar 477880)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:   (202) 955-8500
Facsimile:    (202) 467-0539
jmillian@gibsondunn.com
mestabrook@gibsondunn.com

*Attorneys for Defendants Carl Adams, Ronald V. Aprahamian, Craig R. Callen, Thomas J. Donohue, Richard A. Doppelt, David W. Faeder, John F. Gaul, J. Douglas Holladay, Larry E. Hulse, Paul L. Klaassen, Teresa M. Klaassen, Pete A. Klisares, William Little, J. Willard Marriott, Jr., Scott F.*

*Meadow, Darcy Moore, Thomas B. Newell, Robert R. Slager, Christian B.A. Slavin, Timothy S. Smick, Brian C. Swinton, Tiffany L. Tomasso*

Dated: November 23, 2007          **WILLIAMS & CONNOLLY, LLP**

/s/ Philip A. Sechler
Philip A. Sechler (DC Bar 426358)
Vidya Atre Mirmira (DC Bar 477757)
725 12th Street, N.W.
Washington, DC 20005
Telephone:     (202) 434-5000
Facsimile:     (202) 434-5029
psechler@wc.com
vmirmira@wc.com

*Attorneys for Defendant David G. Bradley*

Dated: November 23, 2007          **HOGAN & HARTSON, LLP**

/s/ George H. Mernick, III
George H. Mernick, III (DC Bar 294256)
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone:   (202) 637-5726
Facsimile:   (202) 637-5910
ghmernick@hhlaw.com

N. Thomas Connally (DC Bar 448355)
Jon M. Talotta (DC Bar 473626)
8300 Greensboro Drive, Suite 1100
McLean, Virginia  22102
Telephone:   (703) 610-6100
Facsimile:   (703) 610-6200
ntconnally@hhlaw.com
jmtalotta@hhlaw.com

*Attorneys for Nominal Defendant
Sunrise Senior Living, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing, INDIVIDUAL DEFENDANTS' AND

NOMINAL DEFENDANT'S JOINT MEMORANDUM IN OPPOSITION TO MOTION FOR

LEAVE TO AMEND THE PLEADING, was served this 23st day of November, 2007, in

accordance with the Court's CM/ECF Guidelines.  In addition, the foregoing was served this 23st

day of November, 2007, via electronic mail, on:

Maya Saxena
Joseph White
SAXENA WHITE, P.A.
2424 North Federal Highway, Suite 257
Boca Raton, FL  33431
msaxena@saxenawhite.com
jwhite@saxenawhite.com

Brian J. Robbins
Felipe J. Arroyo
ROBBINS, UMEDA, & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA  92101
brobbins@ruflaw.com
farroyo@ruflaw.com

*Co-Lead Counsel for Plaintiffs*

John M. Dowd
Jeffrey M. King
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
jdowd@akingump.com
jking@akingump.com

*Attorneys for Defendant Bradley B. Rush*

/s/ Jon M. Talotta
Jon M. Talotta
jmtalotta@hhlaw.com

# EXHIBIT  1



VIRGINIA:

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

NICHOLAS VON GUGGENBERG,          )
                                  )
        Derivative Plaintiff,     )
                                  )
        v.                        )      Case No. CL-200610174
                                  )
PAUL J. KLAASSEN, ET AL.,         )
                                  )
        Defendants,               )
                                  )
        and                       )
                                  )
SUNRISE SENIOR LIVING, INC.,      )
                                  )
        Nominal Defendant.        )
                                  )

FINAL   **ORDER**

This matter comes before the Court on Nominal Defendant Sunrise Senior Living, Inc.'s ("Sunrise") Demurrer. Having considered Sunrise's Demurrer and memorandum in support thereof, the opposition thereto, the oral arguments of counsel, and the entire record herein, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.    The Demurrer is SUSTAINED;

2.    The Verified Derivative Complaint of derivative defendant Nicholas Von Guggenberg shall be and hereby is DISMISSED without prejudice. *AND LEAVE TO AMEND IS DENIED.*

Entered this ___ day of September, 2006.

_____
Circuit Court Judge

**WE ASK FOR THIS:**

N. Thomas Connally, VSB #36318
Jon M. Talotta, VSB #44590
HOGAN & HARTSON, LLP
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
Phone: (703) 610-6100
Fax: (703) 610-6200

Charlie C.H. Lee, VSB #30410
MOORE & LEE LLP
1750 Tysons Boulevard
Suite 1450
McLean, Virginia 22102
Phone: 703-506-2050
Fax: 703-506-2051

OF COUNSEL:
George H. Mernick
HOGAN & HARTSON, LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: 202-637-5726
Fax: 202-637-5910

Counsel for Nominal Defendant
Sunrise Senior Living, Inc.

**SEEN** AND OBJECTED TO FOR THE REASONS IN PLAINTIFFS PLEADINGS + IN ORAL ARGUMENT.

John C. Pasierb, VSB #27446
LAW OFFICES OF JOHN C. PASIERB, PLC
2200 Wilson Boulevard
Suite 800

Arlington, Virginia 22201
Phone: 703-875-2260
Fax: 703-528-3692

Eric L. Zagar
Sandra G. Smith
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Phone: 610-667-7706
Fax: 610-667-7056

Counsel for Derivative Plaintiff
Nicholas Von Guggenberg

A COPY TESTE:
JOHN T. FREY, CLERK
BY: _____
Deputy Clerk
Dated: 1-25-06
Original retained in the office of
the Clerk of the Circuit Court of
Fairfax County, Virginia

# EXHIBIT  2

| | |
|---|---|
| **From:** | Connally, N. Thomas, III |
| **Sent:** | Monday, October 29, 2007 3:37 PM |
| **To:** | Daniel Albert; Eric Zagar; Eric Lechtzin |
| **Cc:** | Millian, John C.; Sechler, Phil; Mernick, George H., III; Estabrook, Matthew R.; Talotta, Jon M.; pbutler@akingump.com |

**Subject:** Sunrise Senior Living

Per my discussion with Eric L, our read is that, given the prior amended consolidated complaint, leave of Court or written consent of the defendants is required before the 10/26 Amended Consolidated Shareholder Complaint is deemed filed under FRCP 15(A).   If plaintiffs disagree, let us know.

I have not spoken with counsel for the individual defendants on this issue and cannot speak for them or their clients, but I can certainly check if Sunrise will consent to the filing of the amended pleading.  As I also mentioned to Eric, it would be very helpful in this regard if plaintiffs would circulate a blackline comparison of the 10/26 Amended Consolidated Complaint against the 6/29 Consolidated Complaint.

Many thanks, Tom


N. Thomas Connally
HOGAN & HARTSON LLP
8300 Greensboro Drive, Suite 1100, McLean, VA 22102
direct +1.703.610.6126 | main +1.703.610.6100 | fax +1.703.610.6200
ntconnally@hhlaw.com | http://www.hhlaw.com

# EXHIBIT  3

-----Original Message-----
From: Nicole_Wilkens@dcd.uscourts.gov
[mailto:Nicole_Wilkens@dcd.uscourts.gov] On Behalf Of dcd_cmecf@dcd.uscourts.gov
Sent: Tuesday, October 30, 2007 3:15 PM
To: Mark Hanna
Subject: Re: Sunrise Amended Consolidated Complaint final.pdf

Mr. Hanna-
Sorry for the delay in responding to your email, but it looks like a Motion to Amend the Consolidated Complaint is
necessary in this case before your amended consolidated complaint can be filed. Since the consolidated complaint filed
back in June is equivilant to an amended complaint, a second amendment requires leave of court. Or, if the defendants
consent to the filing, you could file a Consent Notice stating that fact and therefore, bypass the necessity of a motion to
amend. Please let me know how you wish to proceed. If you wish to file the motion, you can file that yourself in ECF and
attach the amended complaint to the motion as an exhibit. If you would rather file the consent notice, you can submit that
to me by email and I will file it and the amended complaint together. Just let me know. Thank you.
Nicole Wilkens
Clerk's Office

"Mark Hanna" <mhanna@dcbwash.com>
10/26/2007 06:08 PM

To
<dcd_cmecf@dcd.uscourts.gov>
cc
<pbutler@akingump.com>, <ntconnally@hhlaw.com>, <aehagovskly@hhlaw.com>, <jdowd@akingump.com>,
<jjacobs@dcbwash.com>, <jking@akingump.com>, <ghmirnick@hhlaw.com>, <jmillian@gibsondunn.com>,
<petersone@akingump.com>, <eastdocketing@akingump.com>, <jmtalotta@hhlaw.com>, "'Maya Saxena'"
<msaxena@saxenawhite.com>, "'Joe White'" <jwhite@saxenawhite.com>, "'Ariel Acevedo'"
<aacevedo@saxenawhite.com>, "'Daniel Albert'" <dalbert@sbtklaw.com> Subject Sunrise Amended Consolidated
Complaint final.pdf

To Whom It May Concern:

Per the ECF Rules, please accept the attached Amended Complaint in 07-00143.

I also am hereby certifying that I am concurrently with this e-mail, e-mailing all counsel listed in the Electronic Mail Notice

List for this Case.

Please advise me if you have any questions.

-Mark Hanna

---

Mark Hanna
Davis, Cowell & Bowe LLP
www.dcblabor.com
1701 K Street NW, Suite 210
Washington, DC  20006
202 223 1057
fax: 202 223 8651[attachment "Sunrise Amended Consolidated Complaint final.pdf" deleted by Nicole
Wilkens/DCD/DC/USCOURTS]

# EXHIBIT 4

## Talotta, Jon M.

| | |
|---|---|
| **From:** | Talotta, Jon M. |
| **Sent:** | Wednesday, November 07, 2007 11:46 AM |
| **To:** | 'Mark Hanna' |
| **Cc:** | Mernick, George H., III; Connally, N. Thomas, III; 'elechtzin@sbtklaw.com'; 'Daniel Albert' |
| **Subject:** | RE: Sunrise Amended Consolidated Complaint final.pdf |

Mark:

During a telephone conference yesterday with Eric Lechtzin and Dan Albert, Tom Connally and I inquired whether the Clerk's Office ever responded to your attempted filing, below. Eric and Dan said that they were not aware of any response.

I contacted the Clerk's Office today, and understand that one of their personnel sent you an email on 10/30 in response to the attempted filing. We would appreciate it if you would forward us a copy of that email at your earliest convenience.

Feel free to call if you want to discuss.

Thanks in advance,

Jon

JON M. TALOTTA
HOGAN & HARTSON LLP
8300 Greensboro Drive, Suite 1100, McLean, VA 22102
direct +1.703.610.6156 | mobile +1.202.550.7790 | fax +1.703.610.6200
jmtalotta@hhlaw.com | www.hhlaw.com

---

**From:** Mark Hanna [mailto:mhanna@dcbwash.com]
**Sent:** Friday, October 26, 2007 6:08 PM
**To:** dcd_cmecf@dcd.uscourts.gov
**Cc:** pbutler@akingump.com; Connally, N. Thomas, III; aehagovskly@hhlaw.com; jdowd@akingump.com; jjacobs@dcbwash.com; jking@akingump.com; ghmirnick@hhlaw.com; jmillian@gibsondunn.com; petersone@akingump.com; eastdocketing@akingump.com; Talotta, Jon M.; 'Maya Saxena'; 'Joe White'; 'Ariel Acevedo'; 'Daniel Albert'
**Subject:** Sunrise Amended Consolidated Complaint final.pdf

To Whom It May Concern:

Per the ECF Rules, please accept the attached Amended Complaint in 07-00143.

I also am hereby certifying that I am concurrently with this e-mail, e-mailing all counsel listed in the Electronic Mail Notice List for this Case.

Please advise me if you have any questions.

-Mark Hanna

---

Mark Hanna
Davis, Cowell & Bowe LLP
www.dcblabor.com
1701 K Street NW, Suite 210
Washington, DC  20006
202 223 1057
fax: 202 223 8651

# EXHIBIT  5

# GIBSON, DUNN & CRUTCHER LLP

## LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1050 Connecticut Avenue, N.W.  Washington, D.C. 20036-5306
(202) 955-8500
www.gibsondunn.com

JMillian@gibsondunn.com

November 21, 2007

| | |
|---|---|
| Direct Dial | Client No. |
| (202) 955-8213 | 50591-00002 |
| Fax No. | |
| (202) 530-9566 | |

**BY UPS NEXT DAY AIR**

Mark Hanna, Esq.
Davis, Cowell & Bowe LLP
1701 K Street, N.W., Suite 210
Washington, D.C.  20006

Re:   *In re Sunrise Senior Living, Inc. Derivative Litigation,*
      *Civil Action No. 1:07CV00143 (D.D.C.)*

Dear Mr. Hanna:

As you are aware, we represent each of the individual defendants, other than Messrs. Bradley and Rush, in the above-referenced action.  I write to you on our clients' behalf with respect to Plaintiffs' Motion to Amend the Pleading ("Plaintiffs' Motion"), filed with the Court on November 8, 2007.

It is our view that the submission of Plaintiffs' Motion, together with its attached proposed Amended Consolidated Shareholder Derivative Complaint (the "Proposed Amended Consolidated Complaint"), is not consistent with your obligations and those of your co-counsel under Fed. R. Civ. P. 11(b).  As you know, that Rule provides that an attorney may make "allegations and other factual contentions" in a motion or pleading only after the attorney has determined "to the best of the [attorney]'s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that such factual contentions "have evidentiary support."  It is apparent that no such good faith determination has been made, or could be made, with respect to numerous of the factual contentions in the Proposed Amended Consolidated Complaint.

Plaintiffs' Motion asserts that the difference between the Proposed Amended Consolidated Complaint and the current Consolidated Complaint is that the proposed pleading

GIBSON, DUNN & CRUTCHER LLP

Mark Hanna, Esq.
November 21, 2007
Page 2

includes "additional material information that was not previously available upon Plaintiffs' filing of the Consolidated Complaint." Plaintiffs' Motion at 8. The motion cites, as the purported sources of this "additional material information," a complaint filed by Mr. Rush against Sunrise Senior Living, Inc. ("Sunrise" or the "Company") on September 18, 2007 (the "Rush Complaint"), and a Form 8-K filed by Sunrise on September 28, 2007 (the "Form 8-K").

A significant portion of the purported "additional material information that was not previously available upon Plaintiffs' filing of the Consolidated Complaint" appears to consist of attempts to "beef up" plaintiffs' scienter allegations against the Individual Defendants. Plaintiffs have, for example, *deleted* their prior mere generalized assertions that each of the Individual Defendants "because of" their particular position "knew, consciously disregarded, were reckless and grossly negligent in not knowing *or* should have known about the improper joint venture and real estate accounting and that Sunrise insiders were improperly backdating stock option grants," Consolidated Complaint ¶¶ 16-25, 27-36 (emphasis added), and have *added* new, "stronger" allegations of scienter, naming particular individuals, with regard to each of the numerous specific option grants, *see, e.g.,* Proposed Amended Consolidated Complaint ¶¶ 80-82, 84-86. Nothing in either the Rush Complaint or in the Form 8-K, however, suggests any evidentiary support for plaintiffs' new contentions. Quite to the contrary, the Rush Complaint—despite its assertions about how he was treated personally—provides no basis whatsoever for plaintiffs' new-found scienter allegations, while the disclosures in the Form 8-K explicitly *refute* plaintiffs' factual contentions (new and old) regarding scienter.

It appears clear that plaintiffs' new scienter allegations are not drawn, as plaintiffs contend, from the cited sources, but instead are simply concocted from whole cloth in an effort to avoid the deficiencies in the Consolidated Complaint identified in the pending motions to dismiss. This approach is not permitted under Rule 11(b). Accordingly, we hereby demand that plaintiffs withdraw Plaintiffs' Motion and its accompanying Proposed Amended Consolidated Complaint. Should plaintiffs decline to do so, we reserve our right to seek sanctions pursuant to Rule 11.

Very truly yours,

John C. Millian

cc:    George H. Mernick, III, Esq.
       N. Thomas Connolly, Esq.
       Philip A. Sechler, Esq.
       John M. Dowd, Esq.

100342303_1.DOC

# EXHIBIT  6

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

PHILIP A. SECHLER
(202) 434-5459
psechler@wc.com

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 21, 2007

<u>BY ELECTRONIC MAIL</u>

Mark Hanna, Esq.
Davis, Cowell & Bowe, LLP
1701 K Street, N.W.
Suite 210
Washington, DC  20006

Re:    *In re Sunrise Senior Living, Inc.*, Civ. No. 07-00143 (RBW)

Dear Mark:

We write on behalf of our client, David G. Bradley, concerning the proposed
amended complaint circulated by Plaintiffs on October 26.  The document is replete with
derogatory statements regarding Mr. Bradley that have no basis in fact.  Paragraph 77, for
example, accuses Mr. Bradley of having "review[ed] historical stock prices before issuing stock
options to determine" favorable grant dates and then "falsify[ing] the relevant documents to
make it appear as if the stock options were granted on the earlier date."  Similar accusations of
active involvement by Mr. Bradley in alleged backdating appear in paragraphs 85, 86, and 130.
These accusations are false, and Plaintiffs lack a good-faith basis to make them.

As you know, Rule 11 requires all "factual contentions [to] have evidentiary
support."  Fed. R. Civ. P. 11(b).  Your submission of this proposed complaint to the Court
constitutes a representation by you – "formed after an inquiry reasonable under the
circumstances" – that Plaintiffs' factual contentions regarding Mr. Bradley "have evidentiary
support."  *Id.*  Notably, however, the complaint filed in June 2007 did not contain accusations of
this kind.  Plaintiffs have made these accusations only after Defendants challenged the complaint
as not sufficiently stating a cognizable claim for relief.  It is readily apparent that Plaintiffs
contrived these baseless allegations in an attempt to bolster their deficient claims – precisely the
kind of behavior that Rule 11 was designed to prohibit and deter.

WILLIAMS & CONNOLLY LLP

Mark Hanna, Esq.
November 21, 2007
Page 2


        Under the circumstances, we must demand that Plaintiffs withdraw their submission from the Court.  We will take all necessary action to bring to the Court's attention any factual contentions that lack a good-faith basis.

        Sincerely,

Philip A. Sechler

cc:     Eric Lechtzin, Esq.
        Maya Saxena, Esq.
        Brian J. Robbins, Esq.
        George H. Mernick, III, Esq.
        N. Thomas Connolly, Esq.
        John M. Dowd, Esq.
        John C. Millian, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
In Re SUNRISE SENIOR LIVING, INC.          )
Derivative Litigation                               )
_____)          Civil Action No. 1:07CV00143
                                                    )          Judge Reggie B. Walton
This Document Relates To:                      )
                                                    )
    ALL ACTIONS                                 )
_____)

[PROPOSED]
**O R D E R**

     This matter comes before the Court on the Motion for Leave to Amend the

Pleading (the "Motion"), filed by lead plaintiffs Catherine Molner and Robert Anderson, and

Janie Morrison (collectively, the "Movants").  Having considered Movants' Motion, the

individual defendants' and nominal defendant Sunrise Senior Living, Inc.'s ("Sunrise") joint

opposition thereto, the Consolidated Shareholder Derivative Complaint, the proposed Amended

Consolidated Shareholder Derivative Complaint, and the entire record herein, the Court finds

that

     (a)    the proposed Amended Consolidated Shareholder Derivative Complaint at

           issue here (the "Proposed Second Amended Pleading") constitutes a

           second amended complaint and purports to change the court-approved

           lead plaintiff structure in this suit;

     (b)    on October 26, 2007, Movants' attempted to file the Proposed Second

           Amended Pleading without seeking leave of Court or the other parties'

           written consent (the "October 26 Filing");

(c)    as a result, the October 26 Filing was improper under Rule 15(a) and 21 of the Federal Rules of Civil Procedure;

(d)    the Motion fails to establish that justice requires that the Movants be granted leave to amend the Consolidated Shareholder Derivative Complaint;

(e)    the Plaintiffs in this suit have failed to timely oppose the individual defendants' and Sunrise's pending motions to dismiss the Consolidated Shareholder Derivative Complaint; and

(f)    the Plaintiffs failed to request a further enlargement of time to respond to the pending motions to dismiss by the October 26, 2007 due date prescribed by the Court, and further failed to establish excusable neglect that might warrant such an enlargement of time for the Plaintiffs to oppose those motions under Federal Rule of Civil Procedure 6(b)(2).

**WHEREFORE**, it shall be and hereby is ORDERED that

(i)    the Clerk of the Court shall NOT docket the October 26 Filing;

(ii)    the Motion for Leave to Amend the Pleading [Docket No. 50] is DENIED;

(iii)    the pending motions to dismiss [Docket Nos. 36, 38-41, 45] shall be treated as CONCEDED under Local Rule 7(b); and

(iv)    as a result, the Consolidated Shareholder Derivative Complaint [Docket No. 26] is DISMISSED with prejudice.

Entered this _____ day of _____ , _____

 

_____

United States District Court Judge