UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re SUNRISE SENIOR LIVING, INC. Derivative Litigation ) ) ) ) | Civil Action No. 07-00143 |
| This Document Relates To: ) ) ) ) ) ALL ACTIONS ) ) | |

### REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE PLEADING

Plaintiffs have an absolute right to amend the initial Consolidated Complaint filed with this Court on June 29, 2007 pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("Rule 15(a)"). Even if that were not the case, leave to amend should be granted for the reasons discussed in Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion For Leave to Amend the Pleading (the "Memo"). Defendants incorrectly assert in their Joint Memorandum in Opposition to Motion for Leave to Amend the Pleading (the "Opposition") that Sunrise Senior Living, Inc.'s ("Sunrise" or the "Company") press release detailing the findings of the Company's special committee investigation and defendant Bradley Rush's ("Rush") complaint filed against the Company on September 18, 2007 have no material bearing on the allegations raised in the Amended Consolidated Complaint. However, as discussed in more detail below, the special committee's finding of "no evidence of backdating or other intentional misconduct," is highly suspect considering the facts on which the special committee based its findings, which were also released in the Company's announcement. *See* Memo, Exhibit C – Amended Consolidated Derivative Complaint at ¶¶236-239; *see*

1

*generally* Memo, Exhibit A – Sunrise's Form 8-K filed October 1, 2007 at 2-4. Additionally, while defendant Rush may not have addressed backdating in his complaint, he certainly made allegations that have a direct bearing on Plaintiffs' claims relating to other accounting improprieties perpetrated by the Defendants and their subsequent attempts to further conceal their misconduct. *See* Memo, Exhibit C – Amended Consolidated Derivative Complaint at ¶¶3-4, 220; Memo, Exhibit B – Bradley Rush's Complaint at ¶¶3-4, 19-25, 28-30, 34-36, 44-48, 52-55, 64-66, 71, 81, 88.

Moreover, Defendants fail to address Plaintiffs' third event-related basis warranting leave to amend the Consolidated Complaint, which is that Sunrise held its annual meeting of shareholders on October 16, 2007, at which Defendants Paul Klaassen ("Klaassen") and Craig Callen ("Callen") were re-elected, directly implicating Count X of Plaintiffs' Consolidated Complaint alleging a violation of Delaware General Corporations Law for the Company's failure to hold an annual meeting.[1]

As Plaintiffs discussed in the Memo, the liberal amendment policy codified in Rule 15 strongly supports the granting of leave to amend. Memo at 1. Regardless of whether the additional information described by Plaintiffs materially impacted the allegations of the Amended Consolidated Complaint, Rule 15(a) does not require that Plaintiffs provide any particular basis for seeking leave to amend the pleadings, but only that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In the instant case, there is more than enough reason to grant Plaintiffs' motion for leave to

---

[1] The timing of the annual meeting also demonstrates a good faith basis for Plaintiffs' request for an extension on October 3, 2007; the annual meeting dictated Plaintiffs' decision to file an Amended Consolidated Complaint as opposed to responding to Defendants' motions to dismiss since Count X of Plaintiffs' Consolidated Complaint had been mooted by the holding of the annual meeting. *See also* Memo, Exhibit C – Amended Consolidated Derivative Complaint at ¶240.

amend, and Defendants cannot demonstrate any genuine prejudice that could possibly result from an amendment. The Court should therefore grant Plaintiffs leave to amend the Consolidated Complaint.

Finally, as Defendants concede by implication, should the Court grant Plaintiffs leave to amend the pleadings, then the pending motions to dismiss are not conceded. Defendants must, therefore, necessarily file new motions to dismiss to address the Amended Consolidated Complaint. For all the foregoing reasons, Plaintiffs respectfully request that either the Court conclude that Plaintiffs have a right to amend the Consolidated Complaint as a matter of course, thereby mooting this motion, or, in the alternative, the Court grant Plaintiffs leave to amend the Consolidated Complaint.

## BACKGROUND

Defendants' recitation of the procedural and factual history of the action is flawed in many respects. First, while the Consolidation Order, as defined in Defendants' Opposition at page 5, did refer to Plaintiffs filing of an "Amended Complaint," the Consolidated Complaint filed with the Court on June 29, 2007 was merely a consolidation of the allegations in the three initial complaints modified only to reflect the Company's public announcements between the time of Plaintiffs' initially filed complaints and the filing of the Consolidated Complaint. The Consolidated Complaint therefore did not constitute an amended complaint. Indeed, the August 13, 2007 [Docket No. 32] and October 9, 2007 [Docket No. 48] stipulations agreed to by the parties to amend the pleading schedule referred to the June 29, 2007 filing as the "Consolidated Complaint."

Second, while Defendants' Opposition sets forth certain of the special committee's reported findings that underlie its questionable conclusions, Defendants failed to include the highly suspicious factual findings which the special committee acknowledged would have the "potential to affect the accuracy of the Company's previously reported financial results," including:

- The September 1998 option repricing, after which a substantial period of time elapsed from the date the Stock Option Committee approved the repricing and when most employees signed their repricing acknowledgments, and during which the Company's stock price increased substantially.

- Grants made in 2000 and 2001 in connection with an opportunity provided to certain employees with options exercisable above the then applicable market price to cancel those options and receive new, market-priced options.

- Three grants in which the exercise price for the options was set at the closing price for the Company's stock on the date of the grant, rather than at the closing price of the trading date immediately prior to the date of the grant, as contemplated by the terms of the Company's stock option plans.

- Certain grants which lacked sufficient documentation to determine when the stock option grant was authorized.

- Certain grants in connection with which the Company corrected administrative errors retroactively, which included adding grants to new hires who had been inadvertently omitted from a recommendation list and correcting the number of options granted to individuals.

- Certain grants in which the Company modified the terms of a grant after it was made.

- Certain grants in which the Company granted options to consultants but accounted for such options as grants issued to employees

*See* Memo, Exhibit A - Sunrise's Form 8-K filed October 1, 2007 at 3; Memo, Exhibit C – Amended Consolidated Derivative Complaint at ¶237.

Third, Plaintiffs in no way attempted to circumvent this Court's order appointing a leadership structure, and while the Amended Consolidated Complaint does add plaintiff Janie Morrison ("Morrison"), she is not purported to be a "lead plaintiff." *See* Memo, Exhibit C – Amended Consolidated Derivative Complaint at ¶17 ("Plaintiff Janie Morrison is a shareholder of Sunrise, was a shareholder of Sunrise at the time of the wrongdoing alleged herein, and has been a shareholder of Sunrise continuously since that time."); *compare* Memo, Exhibit C – Amended Consolidated Derivative Complaint at ¶¶15-16 ("Lead Plaintiff Catherine Molner is a shareholder of Sunrise, was a shareholder of Sunrise at the time of the wrongdoing alleged herein, and has been a shareholder of Sunrise continuously since that time. . . . Lead Plaintiff Robert Anderson is a shareholder of Sunrise, was a shareholder of Sunrise at the time of the wrongdoing alleged herein, and has been a shareholder of Sunrise continuously since that time.") Nothing prohibits Morrison, or any other Sunrise shareholder, from participating in this derivative litigation.

## ARGUMENT

### I. The Court Should Accept Plaintiffs' Amended Consolidated Complaint

#### A. Plaintiffs May Amend the Pleadings as a Matter of Course Pursuant to Rule 15(a)

Plaintiffs' Amended Consolidated Complaint constitutes the first amendment of the pleadings, as Plaintiffs' Consolidated Complaint simply created one operative pleading that incorporated the allegations of the three initially filed complaints, which this Court consolidated by Order dated May 9, 2007. Pursuant to Rule 15(a), Plaintiffs are entitled to amend their pleadings once "as a matter of course" prior to service by Defendants of a responsive pleading. Fed. R. Civ. P. 15 (a). As demonstrated in the

Memo, Plaintiffs' initially-filed Consolidated Complaint does not count as Plaintiffs' amendment by right, and hence Plaintiffs may permissibly amend the Consolidated Complaint "as a matter of course." *In re Guidant Corp. S'holders Derivative Litig.*, No. 1:03-cv-0955-SEB-WTL, 2005 U.S. Dist. LEXIS 45701 at *3-5 (S.D. Ind. Dec. 22, 2005).[2] Defendants' mistaken belief that combining the pleadings foreclosed Plaintiffs' right to amend the pleadings has no foundation and is not supported by the cases they cite.

Additionally, Defendants claim that it is well-settled law that the application of Federal Rule of Civil Procedure 21 ("Rule 21") governs the addition of parties, when in point of fact courts are generally split as to whether Rule 15(a) or Rule 21 should govern. *See McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 872-73 (5th Cir. 1976) (criticizing the decision in *Gordon v. Lipoff*, 320 F. Supp. 905 (W.D. Mo. 1970), upon which Defendants rely in the instant case, as too restrictive and, after analyzing the divergent opinions of multiple courts, holding that Rule 15(a) governs the addition or subtraction of parties and may be done as a matter of course). Moreover, multiple judges in this District have held that Rule 15(a) permissibly allows Plaintiffs to amend the Consolidated Complaint to add a new party as a matter of course, since Defendants have yet to serve a responsive pleading. *Scott-Blanton v. Universal City Studios Prods. LLLP*, 244 F.R.D. 67, 69 (D.D.C. 2007) ("Under Federal Rule of Civil Procedure 15(a), a party

---

[2] Defendants' attempt to distinguish *Guidant* is circular. Opposition at 9 n.7. To suggest that the court in *Guidant* could conclude that a plaintiff could amend a consolidated complaint as of right without determining whether the consolidated complaint constituted an amended complaint defies logic and is essentially a mischaracterization of the court's reasoning. *Id.* at *5 ("Therefore, because Defendants have not responded to the Consolidated Complaint and Lead Plaintiff has only consolidated the complaints and has yet to amend its Consolidated Complaint, Plaintiff is entitled to amend as a matter of course.")

6

may amend its pleading once as a matter of course at any time before a responsive pleading is served. Additionally, Rule 15(a) allows a party to amend its pleading to add a new party.") (citations omitted); *Boyd v. District of Columbia*, 465 F. Supp. 2d 1, 2-3 (D.D.C. 2006) (citing *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 (D.D.C. 1994)).[3]

Accordingly, Plaintiffs' Amended Consolidated Complaint should be permitted as a matter of course pursuant to Rule 15(a).

### B. If Plaintiffs Are Not Permitted to Amend as a Matter of Course, this Court Should Grant Plaintiffs' Leave to Amend

Plaintiffs present compelling arguments, substantiated by case law, that this Court should adhere to the liberal amendment policy set forth by Rule 15(a) and grant Plaintiffs' motion for leave to amend should the Court deem that Plaintiffs do not have an absolute right to amend pursuant to Rule 15(a). Memo at 5-8. Defendants primarily rely on two arguments to suggest that the Court should not grant leave to amend – (i) that Plaintiffs' amendments to the pleading are not based entirely on the new material information to which Plaintiffs refer in the Memo; and (ii) that Defendants are purportedly prejudiced by this amendment to the pleadings. Both arguments fail, as demonstrated below.

---

[3] Defendants also improperly rely on *Williams v. U.S.P.S.*, 873 F.2d 1069 (7th Cir. 1989) to stand for the proposition that a plaintiff may not add parties through a complaint amended as a matter of course, when in actuality the court in *Williams* stated "a plaintiff cannot add new *defendants* through a complaint amended as a matter of course." Id. at 1073 n.2 (emphasis added). In any event, this Court's consolidation order requires all future related cases to be consolidated into the instant action. Thus, to require Plaintiffs to file an additional complaint and then consolidate it with the consolidated action rather than simply add Plaintiff Morrison into the Amended Consolidated Complaint would be inefficient and a waste of judicial resources.

First, Defendants argue that Plaintiffs should be denied leave to amend because some of the proposed changes and additions in Plaintiffs' proposed Amended Consolidated Complaint are not based solely on Sunrise's announcement of the results of the special committee's investigation or Rush's complaint against the Company.[4] There is no legal basis for Defendants' argument that all proposed amendments must be based solely on newly acquired information, and Defendants do not cite to any case law to support their position. Rather, as noted above, Plaintiffs need not have cited any additional material information as a basis for leave to amend pursuant to Rule 15(a).

Nevertheless, Plaintiffs did in fact include significant information from both of the sources indicated in the Memo. Plaintiffs include in the Amended Consolidated Complaint the findings of the Company's special committee, which appear to ignore the underlying facts upon which the findings are purportedly based. *See* Memo, Exhibit C – Amended Consolidated Derivative Complaint at ¶¶236-239. The disparity between the conclusions of the special committee and the facts upon which the special committee relied calls into question the special committee's findings, the independence of the investigation, and the membership of the special committee. Furthermore, in his complaint, Defendant Rush further questions the process of the special committee investigation. *See* Memo, Exhibit B – Bradley Rush's Complaint at ¶¶32-33, 37-39, 69.

Additionally, Defendants' contention that because Defendant Rush's complaint does not address backdating (though implicitly it does), the information contained therein

---

[4] Defendants go so far as to suggest that somehow Rule 11 is implicated by Plaintiffs' Amended Consolidated Complaint's increase in specificity. However, Plaintiffs have based all their allegations in good faith on the Company's public filings and other information and belief, as such Plaintiffs find the Individual Defendants' threats to be thoroughly uncompelling and urge the Court to do the same.

is not applicable to the allegations in this action is ludicrous. Both the Consolidated Complaint and the proposed Amended Consolidated Complaint identify numerous accounting manipulations and irregularities unrelated to stock option backdating, many of which are also alleged in Rush's complaint. *See* Memo, Exhibit C – Amended Consolidated Derivative Complaint at ¶¶2-6, 56-57. Furthermore, Rush's complaint suggests that these accounting improprieties may have been known to insiders at the Company, thereby facilitating insider sales. *See* Memo, Exhibit B – Bradley Rush's Complaint at ¶66. Moreover, Rush's complaint identifies a number of the Defendants' efforts to further conceal the impact of these accounting manipulations in an effort to privately sell the Company, which could conveniently extinguish their liability. *See* Memo, Exhibit B – Bradley Rush's Complaint at ¶¶44-47, 53-55. These allegations have a direct and undeniable impact on Plaintiffs' demand futility arguments, scienter allegations with respect to Plaintiffs' federal claims, and Plaintiffs' breach of fiduciary duty claims.

Finally, Defendants argue that the Court should not grant Plaintiffs leave to amend the pleadings for reasons of undue delay and prejudice. However, Defendants' arguments are actually based on the suggestion that the amendments to the pleadings would be futile, which is an impossibility since this Court has yet to test the sufficiency of the pleadings.[5] *See* Memo at 7. Moreover, as Plaintiffs explain in the Memo, granting leave to amend will not prejudice Defendants at all, much less unduly prejudice them. If

---

[5] Defendants' reliance on *Foman v. Davis*, 371 U.S. 178 (1962) and *James Madison Ltd. V. Ludwig*, 82 F.3d 1085 (D.C. Cir. 1996) is misplaced, because in each of those cases the courts had tested the sufficiency of the pleadings through a motion to dismiss and a motion for summary judgment, respectively.

anything, Plaintiffs' choice to amend the complaint now, prior to the Court's ruling on the Defendants' motions to dismiss, is more efficient for all parties and the Court.

### II. Defendants' Motions to Dismiss Are Moot as a Result of Plaintiffs Filing of the Amended Consolidated Complaint

Plaintiffs did not concede the Defendants' motions to dismiss, but rather amended the pleadings, which address a number of the arguments raised by Defendants in their motions to dismiss. As such, Defendants' motions to dismiss are now stale, and Local Rule 7(b) is inapplicable. Under Plaintiffs' interpretation of Rule 15(a), Plaintiffs had an absolute right to amend the pleadings without leave of Court, and therefore the filing of the Amended Consolidated Complaint on October 26, 2007 was a timely response to Defendants' motions to dismiss. After hearing from the Clerk of the Court that, in the Clerk's view, Plaintiffs were required to seek leave to amend the pleadings, Plaintiffs contacted Defendants to determine if they were amenable to Plaintiffs' proposed amendments. After Defendants notified Plaintiffs that they would oppose the filing of the Amended Consolidated Complaint, Plaintiffs filed the underlying motion.

Should the Court find that Defendants' motions to dismiss are viable either as a result of the Court's denying leave to amend or that the motions to dismiss are still applicable to the Amended Consolidated Complaint, Plaintiffs request a reasonable period of time from the Court in order to respond to the motions to dismiss pursuant to Federal Rules of Civil Procedure 6(b)(2), as Plaintiffs were under the reasonable assumption that they had an absolute right to amend the pleadings pursuant to Rule 15(a), thereby demonstrating "excusable neglect." Fed. R. Civ. P. 6(b)(2).

## CONCLUSION

For all the reasons stated above, Plaintiffs respectfully request that the Court hold that Plaintiffs may amend as of right or, in the alternative, that their motion for leave to amend be granted. Furthermore, Plaintiffs request that the Court deny Defendants' request that the motions to dismiss be treated as conceded.

Dated:  December 5, 2007                             **DAVIS, COWELL & BOWE, LLP**


/s/ Mark Hanna
George R. Murphy (DC Bar 75200)
Mark Hanna (DC Bar 471960)
Joni S. Jacobs (DC Bar 493846)
1701 K Street NW, Suite 210
Washington, DC 20006
Telephone:  (202) 223-2620
Facsimile:   (202) 223-8651

*Liaison Counsel*

**SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP**
Lee D. Rudy
Michael C. Wagner
J. Daniel Albert
280 King of Prussia Road
Radnor, PA  19087
Telephone:  (610)667-7706
Facsimile:   (610)667-7056

**SAXENA WHITE P.A.**
Maya Saxena
Joseph White
2424 North Federal Highway, Suite 257
Boca Raton, FL  33431
Telephone:  (561) 394-3399
Facsimile:   (561) 394-3382

**ROBBINS, UMEDA, & FINK LLP**
Jeffrey P. Fink
Felipe J. Arroyo



Ashley R. Palmer
610 West Ash Street, Suite 1800
San Diego, CA  92101
Telephone:  (619) 525-3990
Facsimile:    (619) 525-3991

*Co-Lead Counsels for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury, that the foregoing was served on counsel for Defendants this 5th day of December 2007, in accordance with the Court's CM/ECF guidelines, and that no Defendant needs to be served by mail.

/s/ Mark Hanna

Mark Hanna
mhanna@dcbwash.com