UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
In Re SUNRISE SENIOR LIVING, INC.      )
Derivative Litigation                  )
                                       )
                                       )
_____)   **Civil Action No. 07-00143**
                                       )        **(RBW)**
                                       )
This Document Relates To:              )
                                       )
                                       )
ALL ACTIONS                            )
                                       )
_____)

### Memorandum Opinion

Currently before the Court are defendants' motions to dismiss the consolidated complaint filed in this case, as well as the plaintiffs' subsequent motion to amend that consolidated complaint ("Compl."). On behalf of Sunrise Senior Living, Inc. ("Sunrise") and its shareholders, Brockton Contributory Retirement System ("Brockton"), Catherine Molner, and Robert Anderson initiated separate stockholder-derivative suits on January 19, January 31, and February 5, 2007, in this now-consolidated case against Sunrise, as a "nominal defendant," certain former and current members of its Board of Directors ("the Board"), and some of its former and current executive officers ("the Executives") as individual defendants. Compl. ¶ 1.[1] The plaintiffs' separate suits were consolidated on May 11, 2007, as each plaintiffs' claims arose "out of the

---

[1] The named individuals being sued are: David G. Bradley, Peter A. Klisares, Scott F. Meadow, Robert R. Slager, Tiffany L. Tomasso, John F. Gaul, Carl Adams, David W. Faeder, Larry E. Hulse, Timothy S. Smick, Brian C. Swinton, Christian B.A. Slavin, Craig R. Callen, Bradley B. Rush, Thomas B. Newell, Paul L. Klaassen, J. Douglas Holladay, Thomas J. Donohue, Ronald V. Aprahamian, William G. Little, and Teresa M. Klaassen. See Compl. ¶¶ 16-39.

same transactions and occurrences [and] involve[d] the same or substantially similar issues of law and fact." Stipulation and [Proposed] Order Consolidating Cases for All Purposes and Appointing a Leadership Structure ("Stipulation") [D.E. 19] at 5. Brockton, Molner, and Anderson (the "plaintiffs") were then appointed lead plaintiffs in the consolidated case. Id. On June 29, 2007, they filed their consolidated complaint against the defendants on behalf of the Sunrise shareholders, alleging "breaches of fiduciary duties, unjust enrichment, statutory and other violations of the law." Compl. ¶ 1. On August 27, 2007, the defendants filed motions to dismiss the consolidated complaint. Rather than responding to those motions, on October 26, 2007, the plaintiffs sought to file an amended consolidated complaint to which the defendants objected. As a consequence, the Clerk of the Court precluded the plaintiffs from filing the amended consolidated complaint without first securing written consent from the defendants or leave from the Court to do so.

     Having read the various filings of the parties and for good cause shown, the Clerk of the Court will be ordered to accept for filing the plaintiffs' amended consolidated complaint for the following reasons and, as a consequence of this decision, the Court will deny without prejudice the defendants' motions to dismiss and for a stay of the proceedings in this case.

I. The Procedural History

     As noted, on August 27, 2007, nineteen of the individual defendants collectively filed motions to dismiss the consolidated complaint, while defendants Sunrise, Bradley, and Rush each filed separate motions to dismiss. In its motion, Sunrise contends that the plaintiffs inadequately pleaded, under Delaware law, pre-suit-demand futility. Memorandum of Points and Authorities in Support of the Motion to Dismiss or in the Alternative Stay by Nominal

Defendant Sunrise ("Sunrise Mem.") at 9-10.  Sunrise thus asserts that a pre-suit demand of the Board was required before instituting this action and, absent that demand, this case should be dismissed.  Id. at 9-14.  Alternatively, Sunrise contends that the proceedings in this case should be stayed because moving forward at this time would jeopardize its defense in a securities class action lawsuit that is also pending before this Court, which according to Sunrise, has legal issues in common with this case.  Id. at 36.

Bradley, on the other hand, moves for dismissal because the plaintiffs have allegedly failed to state a claim upon which relief can be granted.  Memorandum of Points and Authorities in Support of Defendant David G. Bradley's Motion to Dismiss at 1-2, 5.   This argument has two facets.  First, Bradley argues that the plaintiffs' claims are barred by various statutes of limitations.  Id.  Additionally, he argues that the plaintiffs' breach of the duty of care, breach of the duty of loyalty, and aiding and betting claims are inadequately pled because, in violation of Rule 9(b) of the Federal Rules of Civil Procedure, the plaintiffs failed to plead with specificity the time, place, and content of the alleged misrepresentations, and the identities of the participants.  Id. at 15, 16, 18.

Defendant Rush also moves to dismiss, asserting that the Court lacks personal jurisdiction over him and that the plaintiffs have failed to state a claim upon which relief can be granted.  Defendant Bradley B. Rush's Memorandum of Points and Authorities in Support of His Motion to Dismiss at 1.  The crux of Rush's Rule 12(b)(6) failure to state a claim argument is that the plaintiffs have failed to allege specific instances of his misconduct.  Id. at 21-22. Rush's personal jurisdiction argument is premised on the notion that the plaintiffs have relied upon "conclusory allegations or blanket statements about all of the defendants," instead of setting forth

Rush's personal contacts with the District of Columbia. Id. at 22. In the absence of specific averments about his personal contacts with this jurisdiction, Rush asserts that this Court lacks jurisdiction over him. Id.

The remaining defendants assert that the Court lacks subject-matter jurisdiction. Memorandum of Points and Authorities in Support of the Individual Defendants' Motion to Dismiss at 4-5, 31. This argument, however, is based upon the defendants' belief that the plaintiffs' have failed to sufficiently plead a federal claim. Id. at 4. These defendants also claim that the plaintiffs inadequately demonstrated their standing to bring this action. Id. at 7. Additionally, they argue that the plaintiffs failed to plead the Court's personal jurisdiction over them. Id. at 8-11. These defendants further assert that the plaintiffs' federal claims are barred by various statutes of limitations, that the plaintiffs failed to plead state or federal securities violation claims, and that the plaintiffs have failed to assert a state-law claim in counts four through eleven. Id. at 4, 11-42.

The plaintiffs responded to these motions on October 26, 2007, by attempting to amend the consolidated complaint, to which the defendants objected. Individual Defendants' and Nominal Defendant's Joint Memorandum in Opposition to Motion for Leave to Amend the Pleading ("Defs.' Opp'n") at 7-8. The defendants contend that the filing of the plaintiffs consolidated complaint constituted an amendment of the complaint. Id. at 9. Thus, they argue that the plaintiffs do not have the right to further amend the consolidated complaint absent their written consent or with leave of the Court. Id. at 1. Additionally, the defendants contend that further amendment of the consolidated complaint will "add nothing of substance" to the case. Id. Indeed, they characterize the plaintiffs' proposed amendments as a "last minute" effort to avoid

dismissal.  Id.  "[G]ranting leave to amend," they argue, "will only result in undue delay and prejudice."  Id. at 1, 9-12.  In that regard, the defendants argue that: (1) the new information is irrelevant; (2) the defendants will have to "re-brief all their motions"; (3) allowing further amendment will delay resolution of the case; and (4) further amendment of the consolidated complaint will impose upon the defendants increased financial burdens.  Id. at 12.

  The plaintiffs seek to refute these contentions by asserting that consolidation of their individual complaints did not constitute an amendment.  Memorandum of Points and Authorities in Support of Plaintiffs Motion for Leave to Amend the Pleading ("Pls.' Mem.") at 4-5.  Thus, they argue that Rule 15(a) of the Federal Rules of Civil Procedure permits the filing of one amended consolidated complaint as a matter of right, absent, as here, a previously filed responsive pleading.  Pls.' Mem. at 1.  Alternatively, the plaintiffs argue that, even in the absence of the right to amend, they should be permitted to file their amended consolidated complaint because, as the Supreme Court reiterated in Foman v. Davis, 371 U.S. 178 (1962), such "'leave shall be freely given when justice so requires.'"  Pls.' Mem. at 5 (quoting Foman, 371 U.S. at 182).  In support of this alternative argument, the plaintiffs contend that since the filing of the consolidated complaint, Sunrise, contrary to one of the averments in the consolidated complaint, held an annual stockholders' meeting, new information has become available, and permitting the plaintiffs to amend their consolidated complaint will allow them to withdraw the mooted annual stockholder meeting averment and to plead the new information that has since emerged.  Id. at 2.  Additionally, the plaintiffs argue that judicial economy will be promoted by allowing them to add an additional plaintiff, rather than requiring that prospective party to file a separate stockholder-derivative action which, under this Court's May 11, 2007 order, would necessarily be

5

consolidated with this case in any event. Plaintiffs' Reply Memorandum of Points and Authorities In Response to Defendants' Opposition to Plaintiffs' Motion for Leave to Amend The Pleading ("Pls.' Reply") at 5.

## II. Analysis

### A.

Like the United States District Court for the Southern District of Indiana in the case of In Re Guidant Corp., Master Derivative Docket No. 1:03-cv-0955-SEB-WTL, 2005 U.S. Dist. LEXIS 45701 (S.D. Ind. Dec. 22, 2005), this Court concludes that the consolidation of separate complaints does not constitute an amendment of the individually filed complaints. See Id. at **3-9 (denying motion to strike amended consolidated complaint in securities litigation case on the ground that the plaintiffs failed to seek leave from the trial court prior to filing amended complaint). Because the defendants have not yet filed responsive pleadings to the plaintiffs' initial consolidated complaint, the plaintiffs are, as a matter of right, entitled to amend their consolidated complaint. See Fed. R. Civ. P. 15(a)(1)(A) (permitting a plaintiff to amend its pleading without need for prior leave from the trial court "before being served with a responsive pleading." (emphasis added)); compare Fed. R. Civ. P. 7(a) (defining "pleadings") with Fed. R. Civ. P. 12(b) (explaining defensive motions). Thus, the plaintiffs cannot be deprived of their right to amend their pleading once under Rule 15(a) "as a matter of course". Fed. R. Civ. P. 15(a); see also In re Guidant Corp., 2005 U.S. Dist. LEXIS 45701, at *5 ("[l]ead plaintiff has only consolidated the complaints and has yet to amend its [c]onsolidated [c]omplaint, [and] plaintiff is [therefore] entitled to amend as a matter of course.").

B.

Were the plaintiffs not entitled to amend the consolidated complaint as a matter of right, this Court would be compelled to follow the liberal leave policy of Rule 15(a) in assessing whether the amendment should be permitted. Foman delineates the factors a court must consider when determining whether to permit a party to amend a pleading. Foman, 371 U.S. at 182. In Foman, the Supreme Court instructed federal courts to balance (1) undue delay; (2) the movant's bad faith or dilatory motive; (3) repeated failures to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of permissive amendment; and (5) the futility of amendment, when deciding whether to freely grant leave to amend. Id.

The defendants argue that allowing the plaintiffs to amend the consolidated complaint would "delay the ultimate resolution of this case" and "reward the [ plaintiffs'] gamesmanship." Defs.' Opp'n at 12. Indeed, the defendants contend that the plaintiffs' attempt to amend the consolidated complaint is merely a "last minute" attempt to avoid dismissal. Id. at 1. The defendants further assert that amendment of the consolidated complaint will require them to re-brief their objections to the complaint, "increase the expense and burden on the individual defendants and Sunrise," id. at 12, and jeopardize their defense in the class-action litigation also pending before this Court, Sunrise Mem. at 38. The defendants further claim that, ultimately, amending the complaint will be inconsequential because the new information is insignificant. Defs.' Opp'n at 11. Additionally, they assert that adding a new party can only be achieved through a motion, and that the plaintiffs are foreclosed from adding another lead plaintiff. Id. at 10.

On the other hand, the plaintiffs assert that permitting them to amend the consolidated complaint will expedite the resolution of this case because it will allow for the inclusion of an additional plaintiff without requiring the filing of yet another stockholder-derivative action, which would eventually be consolidated into this suit under this Court's order of May 11, 2007. Pls.' Resp. at 7 n.3.  The plaintiffs also contend that they desire to amend the consolidated complaint in order to withdraw a contention about the failure to convene a shareholders' meeting that the plaintiffs concede Sunrise has now allayed.  Id. at 2 n. 1.  In that regard, the plaintiffs now assert that, contrary to one of the averments in the consolidated complaint, Sunrise has since held a stockholders' meeting. Pls.' Reply. at 2.  Additionally, they argue that the amendment will "address a number of the arguments raised by [the] defendants in their motions to [d]ismiss." Pls.' Resp. at 10.  The plaintiffs also contend that new information, including "the Company's announcement of the findings of its special committee's investigation relating to . . . allegations that are at issue in this litigation," Pls.' Mem. at 2, became available only after the plaintiffs filed their consolidated complaint, and that an amendment of the consolidated complaint will allow for the inclusion of that information in an amended consolidated complaint, id. at 6.  Moreover, the plaintiffs assert that former director Bradley B. Rush has pled in another complaint allegations that "have direct bearing on Plaintiffs['] claims relating to . . . [the defendants' additional] accounting improprieties . . . and their . . . attempts to . . . conceal their misconduct." Pls.' Reply. at 2.

The Court is persuaded that, in this case, the Foman factors weigh in favor of permissive amendment of the consolidated complaint, particularly in the context of a rule that encourages federal courts to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); see also

8

Foman, 317 U.S. at 182 ("in the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given'"); see generally Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004) (observing that non-moving party generally bears the burden of persuading the court that it would be prejudiced by an amendment or that one of the other Foman factors is present). The Court finds unconvincing the defendants' argument that allowing an amendment of the consolidated complaint would cause undue delay. As the Court has previously observed, it is not apparent that permitting the amendment will complicate or prolong, rather than simplify and possibly obviate, the Rule 12 motions process. See, e.g., Rochon, 438 F.3d at 1215 (concluding that amendment of a complaint may resolve "whether . . . claim . . . is, in fact, . . . within the jurisdiction of the Court"); Firestone, 76 F.3d at 1209 ("a dismissal . . . is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency" (internal quotation and citation omitted)). Additionally, according to the plaintiffs, the proposed amendment will eliminate the shareholder-meeting claim currently pled in this case. Pls.' Reply at 2. Moreover, contrary to the defendants' contention, one can add a plaintiff by amending a complaint, which would eliminate the need for the plaintiffs or the potential plaintiff to file a motion to join the additional party or for intervention. See, e.g., Connecticut v. Schweiker, 684 F.2d 979, 985 n.13 (D.C. Cir. 1982) (observing, without discussion, that plaintiffs amended the complaint, as a matter of course, to add two additional plaintiffs), cert. denied, 459 U.S. 1207 (1983) ; cf. Lover v. District of Columbia, Civil Action No. 06-1872 (HHK) (AK), 2008 WL 555461, at **4, 6-7 (D.D.C. March 3, 2008) (considering, but ultimately denying, permissive amendment as method of adding a

plaintiff ); see generally Fed. R. Civ. P. 20 (governing joinder of parties),[2] Fed. R. Civ. P. 24 (governing intervention). Thus, it is not apparent that the proposed amendment would protract, rather than expedite, this litigation.

The plaintiffs' willingness to withdraw the pending shareholder meeting claim is indicative of their good faith. Moreover, the plaintiffs assert that they desire to amend the consolidated complaint due to the recent disclosure of previously unavailable information. The defendants do not assert, on either information or belief, that the proposed amendment of the consolidated complaint would, in any regard (i.e., by adding an another plaintiff or relevant averments related to the new information ), "expand[] the allegations beyond the scope of the initial complaint," Parish v. Frazier, 195 F.3d 761, 763 (5th Cir. 1999), or that adding a plaintiff would be prohibited under Rule 20(a)(1)(B). In any event, had the defendants made those arguments, in a case where the Court is considering an early amendment of a complaint before the filing of a responsive pleading and where the parties have not invested their resources in conducting discovery, expanding the allegations would not weigh significantly against the plaintiffs in the Foman calculus. See Ferguson v. Roberts, 11 F.3d 696, 706 (7th Cir. 1993) (affirming district court's determination that prejudice was likely where "the amended complaint [proffered by the plaintiffs] contain[ed] new complex and serious charges which would undoubtably require additional discovery for the defendants to rebut." (internal quotation and citation omitted)). Consequently, there is no basis to find that the plaintiffs' effort to amend the consolidated complaint is motivated by bad faith, "gamesmanship," or dilatory intent.

---

[2] Rule 20(a) provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

As the Court previously observed, the plaintiffs are seeking to amend the consolidated complaint for the first time. Thus, there were no prior failures to cure deficiencies by amendment. Foman, 317 U.S. at 182. Accordingly, the third Foman factor does not weigh against the plaintiffs.

The fourth of the Foman considerations concerns whether the defendants would suffer any undue prejudice by virtue of permitting the amendment as proposed by the plaintiffs. Id. The Court finds none. As explained above, it is neither apparent that the proposed amendment of the consolidated complaint will unduly delay this litigation nor complicate it by overburdening the defendants with "expand[ed] . . . allegations beyond the scope of the initial complaint." Parish, 195 F.3d at 763. Indeed, the proposed amendment holds the promise of curing the alleged defects about which the defendants complained in their various motions to dismiss. Moreover, without indulging the merits of Sunrise's request for a stay of these proceedings, the Court declines to grant the request to prevent an amendment of the consolidated complaint because the Court is unpersuaded that allowing the amendment would, in any way, jeopardize the pending securities class action suit beyond whatever the state of the situation is now. See Nwachukwu, 222 F.R.D. at 211 (observing that non-moving party bears the burden of persuasion on the Foman factors); see also Landis v. North American Co., 299 U.S. 248, 255 (1936) (stating that the "[the party seeking a stay] must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both").

It is also not apparent that amending the consolidated complaint in this case would be futile.  See Foman, 317 U.S. at 182.  First, the plaintiffs represent that they will withdraw the pending shareholder meeting claim, if allowed to amend the consolidated complaint.  Additionally, the plaintiffs contend that on September 18, 2007, and October 16, 2007,  pertinent, previously unavailable information , including information related to the defendants' accounting improprieties and attempts at concealment, Pls.' Reply at 2, came to their attention, Pls.' Mem. at 7.  And they also desire to amend the consolidated complaint to include that information.  Id.  The defendants are required to persuade the Court that the information is irrelevant and thus that inclusion of it  in an amended consolidated complaint would be an exercise in futility.  See Nwachukwu, 222 F.R.D. at 211.  The defendants have not shouldered  that burden.

In summary, examination of the four Foman factors leads to the conclusion that even if the plaintiffs were otherwise prevented from amending the consolidated complaint as a matter of right, this Court would nonetheless be compelled to grant them leave to amend.  See Foman, 317 U.S. at 182 ("in the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given'").

C.

Having concluded that the plaintiffs may amend their consolidated complaint, the Court is persuaded that it would be imprudent to address the defendants' several motions to dismiss the complaint or to stay these proceedings at this time.  Amendment of the consolidated complaint may elucidate or even moot the viability of those challenges.  See, e.g., Rochon v. Gonzales, 438 F.3d 1211, 1215 (D.C. Cir. 2006) (concluding that amendment of a complaint may resolve "whether . . . claim . . . is, in fact, . . . within the jurisdiction of the Court"); Firestone v.

Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) ("'"a dismissal . . . is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"'" (quoting Jarrell v. United States Postal Serv., 753 F.2d 1088, 1091 (D.C. Cir. 1985) (quoting Bonanno v. Thomas, 309 F.2d 320, 322 (9th Cir. 1962)))); see also Burman v. Phoenix Worldwide Indus., Inc., 384 F. Supp. 2d 316, 321 n.3 (D.D.C. 2005) (citing In re U.S. Office Prods. Co. Sec. Litig., 251 F. Supp. 2d 77, 106 (D.D.C. 2003) (citing Firestone, 76 F.3d at 1208)). Certainly, such an amendment does not threaten or prejudice the defendants' positions in the litigation of the pending class action suit.

### III.  Conclusion

For the foregoing reasons, the Clerk of the Court will accept for filing forthwith the plaintiffs' Amended Consolidated Complaint, the Court having concluded that this motion must be granted. Having reached this conclusion, the defendants' pending motions to dismiss and to stay the proceedings will be denied without prejudice.[3]

---

[3] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.