## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
In Re SUNRISE SENIOR LIVING, INC.         )
Derivative Litigation                     )
_____)    Civil Action No. 1:07CV00143
                                          )    Judge Reggie B. Walton
This Document Relates To:                 )
                                          )
      ALL ACTIONS                         )
_____)


### INDIVIDUAL DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY LIFT DISCOVERY STAY[1]

Plaintiffs' motion to partially lift the discovery stay in this case is squarely at odds with the requirements of the Private Securities Litigation Reform Act ("PSLRA") and therefore must be rejected.  The PSLRA provides:

> In any private action arising under this chapter [15 USCS §§ 78a et seq.], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).  "The burden of establishing the need for a partial lifting of the discovery stay . . . is a heavy one." *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005).  Plaintiffs' Memorandum in support of their motion ("Pls.' Mem.") offers little reason to believe that they will be prejudiced by the stay or that the stay must be lifted in order to preserve evidence.  Plaintiffs have failed to meet this "heavy burden," and their motion must be denied.

First, plaintiffs have failed to establish that they would be prejudiced by the discovery

---

1    For purposes of this Memorandum, the "Individual Defendants" do not include defendant Bradley R. Rush, who is separately represented.

stay.  Under the PSLRA, a stay may create undue prejudice when it causes plaintiffs to "face[] the very real risk that [they] will be left to pursue [their] action against defendants who no longer have anything or at least as much to offer," because of bankruptcy or some other extreme financial distress, leaving plaintiffs without a remedy.  *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002);  *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, Nos. MDL-1446, Civ.A. H-01-3624, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002).  Plaintiffs have made no case that the discovery stay jeopardizes their prospects of making a recovery.  Unable to make this showing, plaintiffs attempt to avoid the plain meaning of the PSLRA by insisting that the stay be partially lifted because Sunrise would not be unduly burdened.  But "burden" is not the standard set by the PSLRA; "prejudice" is the standard, and plaintiffs have failed to meet it.

Second, plaintiffs concede that they must establish that lifting the stay is necessary to preserve evidence, Pls.' Mem. at 4,  but they fail entirely to do so.  Plaintiffs mention in passing that "documents may be lost and recollections of [relevant] events may continue to fade," *id*. at 9, but such casual observations clearly are insufficient to justify lifting the stay.  *Sarantakis v. Gruttadauria*, No. 02 C 1609, 2002 WL 1803750, at *2 (N.D. Ill. Aug. 5, 2002) ("A party alleging that discovery is necessary to preserve evidence must present more than mere generalizations of fading memories and allegations of possible loss or destruction.").  Moreover, the PSLRA requires defendants to preserve evidence.  *See* 15 U.S.C. § 78u-4(b)(3)(C).  Plaintiffs do not contend that any defendant has failed to meet the PSLRA's requirements, and do not offer any reason to believe that compliance with the PSLRA is insufficient to preserve evidence.

Plaintiffs have failed to make the findings required by the plain text of the PSLRA to justify lifting the discovery stay, and therefore their motion must be denied.

## **CONCLUSION**

For these reasons, and for the additional reasons set forth in Nominal Defendant Sunrise Senior Living, Inc's Memorandum in Opposition to Plaintiffs' Motion to Partially Lift Discovery Stay, which the Individual Defendants adopt, Plaintiffs' motion must be denied.

Respectfully Submitted,

Dated: May 30, 2008                    **GIBSON DUNN & CRUTCHER, LLP**

/s/ John C. Millian
John C. Millian (DC Bar 413721)
Matthew R. Estabrook (DC Bar 477880)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:   (202) 955-8500
Facsimile:    (202) 467-0539

*Attorneys for Defendants Carl Adams, Ronald V. Aprahamian, Craig R. Callen, Thomas J. Donohue, Richard A. Doppelt, David W. Faeder, John F. Gaul, J. Douglas Holladay, Larry E. Hulse, Paul L. Klaassen, Teresa M. Klaassen, Pete A. Klisares, William Little, J. Willard Marriott, Jr., Scott F. Meadow, Darcy Moore, Thomas B. Newell, Robert R. Slager, Christian B.A. Slavin, Timothy S. Smick, Brian C. Swinton, Tiffany L. Tomasso*

Dated: May 30, 2008                    **WILLIAMS & CONNOLLY, LLP**

/s/ Philip A. Sechler
Philip A. Sechler (DC Bar 426358)
Scott K. Dasovich (DC Bar 975575)
725 12th Street, N.W.
Washington, DC 20005
Telephone:    (202) 434-5000
Facsimile:    (202) 434-5029

*Attorneys for Defendant David G. Bradley*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the forgoing, Individual Defendants' Memorandum In Opposition To Plaintiffs' Motion To Partially Lift Discovery Stay, was served this 30th day of May 2008, in accordance with the Court's CM/ECF Guidelines.  In addition, the forgoing was served this 30th day of May 2008, via first-class mail, postage prepaid, on:

George R. Murphy
Mark Hanna
Joni S. Jacobs
DAVIS, COWELL & BOWE, LLP
1701 K. Street NW, Suite 210
Washington, DC 20006

Eric L. Zagar
Michael C. Wagner
J. Daniel Albert
SCHIFFRIN BARROWAY TOPAZ
& KESSLER LLP
280 King of Prussia Road
Radnor, PA 19087

Maya Saxena
Joseph White
SAXENA WHITE, P.A.
2424 North Federal Highway, Suite 257
Boca Raton, FL  33431

Brian J. Robbins
Felipe J. Arroyo
Ashley R. Palmer
ROBBINS, UMEDA, & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA  92101

*Co-Lead Counsel for Plaintiffs*

/s/ Matthew R. Estabrook
Matthew R. Estabrook
mestabrook@gibsondunn.com