UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                           )
In Re SUNRISE SENIOR LIVING, INC.   )
Derivative Litigation                                 )        Civil Action No. 1:07CV00143
_____)        Judge Reggie B. Walton
                                                           )
This Document Relates To:                     )
                                                           )
        ALL ACTIONS                              )
_____)

**SUR-REPLY IN OPPOSITION TO
LEAD PLAINTIFFS' MOTION TO PARTIALLY LIFT DISCOVERY STAY
BY NOMINAL DEFENDANT SUNRISE SENIOR LIVING, INC.**

For its Sur-Reply in Opposition to Lead Plaintiffs' Motion to Partially Lift Discovery Stay (the "Sur-Reply"), nominal defendant Sunrise Senior Living, Inc. ("Sunrise") states the following:

1. Lead Plaintiffs' requests for and arguments concerning documents previously produced to the Securities and Exchange Commission (the "SEC") are simply a red herring:

    a. In the very first sentence of their Reply, Lead Plaintiffs falsely claim that they seek only "the same discovery that the Delaware Chancery Court ordered be produced to the Delaware derivative plaintiffs." However, the Delaware Chancery Court did not order the production of documents produced to the SEC, the Delaware plaintiffs have not requested those documents, nor have they received them.

    b. Lead Plaintiffs are not competing with the SEC for anything. The only parties competing here are Co-Lead Counsel and plaintiffs'

counsel in the derivative suit pending in Delaware Chancery Court (the Delaware Derivative Suit"), because in each of those substantially identical cases, any ultimate recovery would be for the benefit of, and paid to, Sunrise rather than to any shareholder plaintiffs.  The open quarrel between Co-Lead Counsel in this suit and plaintiffs' counsel in the Delaware Derivative Suit, see Reply at 1, 5-6 (arguing that plaintiffs' counsel filed a "tag-along" suit in the Delaware Chancery Court and should not be permitted to control the Sunrise derivative litigation), does not in any sense constitute a showing that any prejudice would be suffered by their shareholder plaintiff clients.

    c. Lead Plaintiffs offer no basis (because there is none) for their assertion that this suit and the SEC investigation are "identical."  Pls.' Reply at 7.  Indeed, the assertion that "there is no indication in the record that the issues being investigated are somehow broader than those [here]," see Reply at 7, conclusively undermines Lead Plaintiffs' own position.  As the moving party, Lead Plaintiffs have the burden to establish that their requests are particularized to include only those documents needed to alleviate their alleged prejudice.  The admitted absence of any evidence to make such a showing simply confirms that Lead Plaintiffs' request is founded on mere speculation.

  2. Contrary to Lead Plaintiffs' assertions, Reply at 5-6, discovery is not proceeding in the Delaware Derivative Suit.  The Chancery Court granted the plaintiffs "a limited procedural right" to examine certain documents that the Court determined were necessary to permit those plaintiffs to respond to an isolated issue in the defendants' motions to dismiss the Delaware complaint.  Sunrise Opp'n. at 5-6.  That is the sole extent of the "discovery" that the

Delaware plaintiffs have received. The instant case has no parallel, as defendants' motions to dismiss the operative complaint here have not yet even been filed.

   3. Contrary to Lead Plaintiffs' assertions, Reply at 6, Sunrise has never stated that any documents relevant to the SEC investigation or the pending Sunrise litigations have been destroyed. Although a former employee dismissed more than one year ago failed to comply with a Sunrise document retention directive, see Am. Compl. ¶¶ 233-34, there is no basis for Lead Plaintiffs to assert that relevant information was destroyed. Moreover, this evidence-preservation argument is illogical because the documents that Lead plaintiffs are requesting have already been produced to someone else and thus, by definition, they have not been and could not be destroyed.

   4. Contrary to Lead Plaintiffs' assertions, Reply at 5-6, Sunrise's positions in this suit and the Delaware Derivative Suit have been and remain consistent. Both derivative suits – the instant suit, and the Delaware Derivative Suit – should be dismissed and, if not dismissed, should be stayed until the federal securities class action pending in this Court is resolved. Compare Sunrise's memorandum in support of its motion to dismiss the original consolidated complaint in this suit (Docket No. 39 at 36-39), with Sunrise's motion to dismiss the amended complaint in the Delaware Derivative Suit. Ex. B to Lead Plaintiffs' Reply at 39-44. Indeed, Sunrise has urged, and continues to urge, in the Chancery Court that the Delaware Derivative Suit should be dismissed for the separate reason that the suit in this Court was filed first. Id. These positions have nothing to do with Sunrise's opposition to the requested discovery.

   5. Finally, none of the cases cited by Lead Plaintiffs allowed discovery before a Rule 23.1 motion was resolved. In Fleischman v. Huang, 2007 WL 241036, at *4 (Del. Ch. August 22, 2007), the court allowed a "limited procedural right" because of issues raised in

the briefing of a motion to dismiss – which is <u>not</u> the situation here.  There was no Rule 23.1 motion pending either in <u>Turner Broad. Sys. v. Tracinda Corp.</u>, 175 F.R.D. 554 (D. Nev. 1997), or in <u>Skellerup Indus. v. City of Los Angeles</u>, 163 F.R.D. 598 (C.D. Cal. 1995), because those cases were <u>not</u> derivative actions.  <u>1</u>/

## CONCLUSION

      For these reasons, and for the reasons stated in Sunrise's Opposition, the Court should deny Lead Plaintiffs' Motion to Partially Lift Discovery Stay in its entirety.

      Respectfully Submitted,

      HOGAN & HARTSON LLP

By:  /s/  Jon M. Talotta
George H. Mernick, III (D.C. Bar No. 294256)
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
T: (202) 637-5726
F: (202) 637-5910
GHMernick@hhlaw.com

N. Thomas Connally (D.C. Bar No. 448355)
Jon M. Talotta (D.C. Bar No. 473626)
8300 Greensboro Drive, Suite 1100
McLean, VA 22102
T: (703) 610-6100
F: (703) 610-6200
NTConnally@hhlaw.com
JMTalotta@hhlaw.com

DATED: June 13, 2008      *Attorneys for Nominal Defendant*
*Sunrise Senior Living, Inc.*

---

<u>1</u>/    As for, <u>Gunther v. Tomasetta</u>, No. 2:06-cv-02529-R, slip. op. (C.D. Cal. Oct. 2, 2006), the cited opinion does not appear to be available on Lexis, Westlaw or PACER, and Lead Plaintiffs failed to attach a copy of the decision to their Reply.  As such, the <u>Gunther</u> opinion should be disregarded because it has not been provided to the Court or Sunrise.