# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

In Re SUNRISE SENIOR LIVING, INC.   :
Derivative Litigation                  :
                                   :
_____   :    Civil Action No. 07-cv-00143-RBW
                                   :
This Document Relates To:        :
                                   :
ALL ACTIONS                   :
                                   :
_____   :

## MEMORANDUM OPINION

Currently before the court is the plaintiffs' Motion to Partially Lift Discovery Stay ("Pls.' Mot."). The stay at issue was automatically imposed by the Private Securities Litigation Reform Act ("PSLRA") 15 U.S.C. § 78u-4 (2000).[1]

On behalf of Sunrise Senior Living, Inc. ("Sunrise") and its shareholders, Brockton Contributory Retirement System ("Brockton"), Catherine Molner ("Molner"), and Robert Anderson ("Anderson") (collectively the "plaintiffs") initiated, in this now-consolidated case, separate stockholder-derivative suits on January 19, January 31, and February 5, 2007, against Sunrise, as a "nominal defendant," certain former and current members of its Board of Directors ("the Board"),  and some of its former and current executive officers ("the Executives") as individual defendants. Complaint ("Compl.") ¶ 1.[2] The plaintiffs' separate suits were

---

[1] For the factual and litigation background in this case see the Memorandum Opinion issued by this Court on May 1, 2008. [D.E.# 60]

[2] The named individuals being sued are: David G. Bradley, Peter A. Klisares, Scott F. Meadow, Robert R. Slager, Tiffany L. Tomasso, John F. Gaul, Carl Adams, David W. Faeder, Larry E. Hulse, Timothy S. Smick, Brian C. Swinton, Christian B.A. Slavin, Craig R. Callen, Bradley B. Rush, Thomas B. Newell, Paul L. Klaassen, J. Douglas Holladay, Thomas J. Donohue, Ronald V. Aprahamian, William G. Little, and Teresa M. Klaassen. See

consolidated on May 11, 2007, as each of the individual plaintiffs' claims arose "out of the same

transactions and occurrences [and] involve[d] the same or substantially similar issues of law and

fact."  Stipulation and [Proposed] Order Consolidating Cases for All Purposes and Appointing a

Leadership Structure ("Stipulation") [D.E. 19] at 5.  Brockton, Molner, and Anderson were then

appointed lead plaintiffs in the consolidated case.  Id.  On June 29, 2007, the plaintiffs filed their

consolidated complaint against the defendants on behalf of the Sunrise shareholders, alleging

"breaches of fiduciary duties, unjust enrichment, statutory and other violations of the law."

Compl. ¶ 1.  On August 27, 2007, the defendants filed motions to dismiss the consolidated

complaint.  Rather than responding to those motions, on October 26, 2007, the plaintiffs sought

to file an amended consolidated complaint to which the defendants objected.  On March 28,

2008, the Court granted the plaintiffs' request to file an amended consolidated complaint.  On

May 16, 2008, the plaintiffs filed the current motion.

    Under the PSLRA, once a defendant moves for dismissal all discovery must be stayed

"during the pendency of [the] motion to dismiss, unless the court finds upon the motion of any

party that particularized discovery is necessary to preserve evidence or to prevent undue

prejudice to that party."  15 U.S.C. § 78u-4(b)(3)(B); see also 15 U.S.C. § 77z-1(b)(1).[3]  The

plaintiffs now ask the Court to lift the stay in this action so they may discover documents

produced to the Securities and Exchange Commission ("SEC") and documents produced in a

parallel lawsuit pending in a Delaware state court (the "Delaware Action").[4]  Memorandum of

_____

Complaint ("Compl.") ¶¶ 16-39.

    [3] Unless otherwise indicated, all citations to the U.S. Code are to the 2000 edition.

    [4] The Court in the Delaware Action ordered the production of documents "expressly and repeatedly" relied upon by the defendants in briefs supporting their motion to dismiss.  Young v. Klaasan, C.A. No. 2770-VCL, 2008 WL 2267021, at *1-4 (Del. Ch. April 25, 2008).

Point and Authorities in Support of Plaintiffs' Motion ("Pls.' Mem.") at 1.  Although the District

of Columbia Circuit has not spoken on this issue, it has been addressed by several District courts.

Upon review of these cases, the Court concludes that the circumstances of the instant case do not

warrant lifting the stay.

## I.      Particularized Discovery

The PSLRA requires that the plaintiffs' request for discovery seek "particularized

discovery."  15 U.S.C. § 78u-4(b)(3)(B).  Here, the plaintiffs seek documents already produced

both to the SEC and in the Delaware Action.  Plaintiffs' Omnibus Reply Memorandum in Further

Support of Their Motion to Partially Lift Discovery Stay ("Pls.' Reply") at 1.   They argue that

their request is particularized because the

> Plaintiffs' requests are sufficiently particular for Defendants to easily copy and
> produce the documents requested.  There is no ambiguity as to what documents are
> sought in Plaintiffs' request for documents relating to the Special Committee's
> findings that have been ordered to be produced by Sunrise in the Delaware Action.
> [In addition,] Plaintiffs' demand for documents that Sunrise has produced to the SEC
> in the course of the SEC's investigation is likewise sufficiently particularized.

Pls.' Reply at 7 (internal quotation and citation omitted).  The plaintiffs therefore reason that

ordering production of the documents  will not impose an undue burden on the defendants.  Id.

The defendants argue in response that the plaintiffs' contention that their discovery

request is particularized is inaccurate because Sunrise has produced a significant amount of

documents to the SEC, which "involv[e] issues different from those in dispute in this case."

Nominal Defendant Sunrise Senior Living, Inc.'s Memorandum in Opposition to Plaintiffs'

Motion to Partially Lift Discovery Stay ("Nom/ Def.'s. Opp'n") at 12.  "Therefore, in order to

produce documents relating to the Plaintiffs' claims, Sunrise would have to review (again) every

document provided to the SEC, in order to identify irrelevant documents." Id.  Sunrise argues

that it would be extremely expensive to engage in another review of those documents, and that in fact, the payment for such discovery expenses is exactly the type of expenditures that Congress sought to avoid in passing the PSLRA.  Id.

 A request for discovery is "particularized" when it "is necessary to preserve evidence or to prevent undue prejudice to [the moving] party."  15 U.S.C. § 78u-4(b)(3)(B); accord Ross v. Abercrombie & Fitch Co., Nos. 2:05-cv-0819, 0848, 0860, 0879, 0893, 0913, 0959, 0964, 0998, 1084, 2006 WL 2869588, at *2 (S.D. Ohio Oct. 5, 2006) ("[T]he focus of the statutory language is on the need either to preserve evidence in the case (presumably because, if the discovery were not permitted, such evidence would be destroyed) or to prevent undue prejudice to the plaintiff.") (emphasis in original).  Moreover, while courts often take into account the burden that would be imposed by the production if the automatic discovery stay is lifted, see, e.g., In re LaBranche Securities Litigation, 333 F. Supp. 2d 178, 183 (S.D.N.Y. 2004), the ease with which the defendant can produce the documents is not the standard for accessing whether a discovery request is particularized, see Ross, 2006 WL 2869588, at *2.  Furthermore,

> Although courts have considered the goals of the PSLRA and the burden of production on defendants in determining whether to lift stays of discovery, the mere fact that the PSLRA's goals would not be frustrated by the lifting of the stay and the documents at issue already have been provided to the SEC and USAO is not sufficient to warrant lifting the stay. According to express statutory language, the PSLRA's discovery stay may be lifted only if a court finds that doing so is necessary to preserve evidence or prevent undue prejudice. [See] 15 U.S.C. § 78u-4(b)(3)(B). Counter to Plaintiffs' contention, even where the goals of the PSLRA are not frustrated and a plaintiff's discovery request is limited to documents already produced to government regulators, courts have refused to lift the discovery stay if the narrow statutory exceptions of evidence preservation or undue prejudice have not been met.

380544 Canada, Inc. v. Aspen Technology, Inc., No. 07 Civ. 1204, 2007 WL 2049738, at * 2 (S.D.N.Y. July 18, 2007).  Like the Court in Aspen, this Court finds that a stay under the PSLRA cannot be lifted absent a showing of undue prejudice or a need to preserve evidence, even if

lifting the stay may cause little to no burden on a defendant to produce the requested documents.
Id.

## II.     Preservation of Evidence

The PSLRA provides that an automatic discovery stay may be lifted if "particularized
discovery is necessary to preserve evidence."  15 U.S.C. § 78u-4(b)(3)(B).  The plaintiffs argue
that due to the age, almost ten years, of "the events giving rise to the plaintiffs claims . . . ,
documents may be lost and recollections of events may continue to fade," Pls.' Mot. at 9, and
they contend that the defendants on a prior occasion violated a document retention policy, Pls.'
Reply at 6.  The plaintiffs' argument fails because the concerns they raise do not coincide with
the particular documents they are seeking.  Congress intended for the stay to be lifted to allow
access to evidence that is at risk of being destroyed or lost.  See S. Rep. No. 104-98, at 12 (1995),
reprinted in 1995 U.S.C.C.A.N. 679, 691 ("The Committee recognizes, for example, that a
motion to dismiss may remain pending for a period of time, and that the terminal illness of an
important witness may necessitate the deposition of the witness prior to ruling on the motion to
dismiss."); see, e.g., In re Royal Ahold N.V. Securities & Erisa Litigation, 220 F.R.D. 246, 251
(D. Md. 2004) (lifting discovery stay because "wide-ranging corporate re-organization" involving
divestures of key subsidiaries created "reasonable concern that documents may be lost despite
[defendants] best efforts to preserve them"); accord Sarantakis v. Gruttadauria, No. 02 C 1609,
2002 WL 1803750, at *3 (N.D. Ill. Aug. 5, 2002) (noting that plaintiffs did not claim the
evidence sought was "in immediate and/or probable peril").   As the defendants point out, "[the
plaintiffs'] evidence-preservation argument is illogical because the documents that [the plaintiffs]
are requesting have already been produced to someone else and thus, by definition, they have not
been and could not be destroyed."  Sur-Reply in Opposition to Plaintiffs' Motion ("Defs.' Sur-

Reply") ¶ 3.  The Court agrees, and accordingly must conclude that the plaintiffs have failed to

demonstrate that it is necessary to preserve the particular documents which they seek to discover.

This conclusion is further supported by the mandate in the PSLRA that while the discovery stay

is in effect, the defendants must treat all materials relevant to the allegations set forth in the

plaintiffs' complaint "as if they were the subject of a continuing request for production of

documents from an opposing party under the Federal Rules of Civil Procedure."  15 U.S.C. §

78u-4(b)(3)(C)(i).

### III.    Prevention of Undue Prejudice

If necessity to prevent undue prejudice is demonstrated, particularized discovery is

allowed under the PSLRA.  15 U.S.C. § 78u-4(b)(3)(B).  Courts have found undue prejudice

warranting the lifting of a discovery stay when the defendant is a simultaneous target of

numerous civil and criminal actions that are not subject to the stay, In re Royal Ahold, 220

F.R.D. at 251-52; the subject of bankruptcy proceedings and the target of several government

investigations and other civil actions, In re WorldCom Securities Master File Litigation, 234 F.

Supp. 2d 301, 305 (S.D.N.Y. 2002); or facing tens of millions of dollars in penalties and

disgorgement, In re LaBranche, 333 F. Supp. 2d  at 183.  In these cases, the courts determined

that because multiple parties were vying for a piece of a limited pie, the plaintiffs would be at a

serious disadvantage in planning their settlement and litigation strategies without access to the

materials sought.  See In re Royal Ahold, 220 F.R.D. at 252; In re WorldCom, 234 F. Supp. 2d at

305-06; In re LaBranche, 333 F. Supp. 2d at 184.  But unlike the aforementioned cases, the

circumstances of the instant case are far less volatile.

First, both this action and the Delaware Actions are derivative shareholder suits filed on

behalf of the same corporation and any judgment secured in either will be awarded to the

corporation.  Thus, the plaintiffs have no viable argument of being unduly prejudiced in regard to the relief sought by the Delaware Action plaintiffs.  Second, an SEC investigation occurring contemporaneously with private litigation is not at all an uncommon occurrence, and any stay of discovery inflicts a certain degree of prejudice.  And it is unlikely that such contemporaneous investigations and their possible impact on parties in private litigation escaped the awareness of Congress.  Nonetheless, the plain language of the PSLRA requires undue prejudice.   15 U.S.C. § 78u-4(b)(3)(B).  This language in the face of what Congress was undoubtedly aware of when it enacted the PSLRA leads to the logical conclusion that Congress intended that the prejudice occasioned by the stay must exceed that resulting from routine SEC securities litigation.  Accord Ross, 2006 WL 2869588, at *3.  The plaintiffs here demonstrate that they suffer nothing more than such routine prejudice.  Accordingly, "prevent[ion] [of] undue prejudice" does not warrant lifting the discovery stay.  15 U.S.C. § 78u-4(b)(3)(B).

In summary, because the plaintiffs have neither demonstrated that particularized discovery is necessary to preserve evidence nor to prevent undue prejudice, the Court must **DENY** the Plaintiffs' Motion to Partially Lift Discovery Stay.

**SO ORDERED** on this 28th day of October, 2008.[5]

_____
REGGIE B. WALTON
United States District Judge

---

[5] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.