

> EXHIBIT D TO
> STIPULATION OF SETTLEMENT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re SUNRISE SENIOR LIVING, INC. Derivative Litigation | Civil Action No. 07-00143 |
| This Document Relates To: ALL ACTIONS | |

## FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT AND GRANTING DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing (the "Settlement Hearing") pursuant to the Order of this Court, dated _26 June_ 2009, on the application of the parties for approval of the proposed Settlement (the "Settlement") set forth in the Stipulation and Agreement of Settlement dated May 4, 2009 (the "Stipulation"). The Court having considered all papers filed in support of or in objection to the proposed Settlement and all arguments presented at the Settlement Hearing, all shareholders of Sunrise Senior Living, Inc. ("Sunrise" or the "Company") having been given an opportunity to be heard with respect to the Settlement, and good cause having been shown for why the Settlement should be approved and this Judgment entered;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Order and Final Judgment (the "Final Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the DC Action and over all parties to the DC Action, including all shareholders of Sunrise.

3.      An appropriate Notice of Settlement of Derivative Action (the "Notice") has been provided to Sunrise shareholders, pursuant to and in the manner directed by the Preliminary Approval Order, and appropriate proof of publication of the Notice has been filed with the Court. The form and manner of the Notice are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of FRCP 23.1, due process, and any other applicable law, and it is further determined that all parties to the DC Action and all other Sunrise shareholders are bound by this Final Judgment.

4.      Based on the record in the DC Action, the provisions of FRCP 23.1 have been satisfied and the DC Action has been properly maintained, as this Court finds that the D.C. Plaintiffs have fairly and adequately represented and protected the interests of all shareholders of Sunrise.

5.      The Court concludes the terms of the Settlement confer substantial benefits on Sunrise and that the Settlement is fair, reasonable and adequate, and in the best interests of Sunrise. The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions.

6.      In accordance with the agreement of the parties as set forth in the Stipulation, Plaintiffs' Counsel are awarded attorneys' fees and reimbursement of expenses incurred in connection with the DC Action in the total amount of $ 1,000,000.00 (the "Fee and Expense Award"), which sum the Court finds to be fair and reasonable. Sunrise shall pay or cause its insurers to pay the Fee and Expense Award to D.C. Plaintiffs' Counsel, on behalf of all Plaintiffs' Counsel, within ten business days of the date of entry of this Final Judgment on the docket of the Court, notwithstanding the existence of any timely filed objections thereto, or

potential appeal therefrom. In the event that the Fee and Expense Award is reduced on appeal, Plaintiffs' Counsel shall reimburse Sunrise and/or its insurers any excess amount that has been paid, in accordance with the terms of the Stipulation.

7. This Final Judgment shall not constitute any evidence of or admission by any party herein that any wrongdoing has been committed by any of the parties to the Actions and shall not be deemed to create any inference that any liability exists therefore.

8. Upon the Effective Date, as defined in the Stipulation, Sunrise, the Plaintiffs acting on their own behalf and derivatively on behalf of Sunrise, and any other Sunrise shareholder acting derivatively on behalf of Sunrise, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the defense, settlement or resolution of the Actions against the Released Persons.

9. Upon the Effective Date, as defined in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims.

10. Notwithstanding the foregoing, nothing herein shall impair or restrict the rights of any of the Settling Parties to enforce the terms of the Settlement or this Final Judgment.

11. Plaintiffs, Sunrise, all shareholders of Sunrise, their representative affiliates, and anyone claiming through or for the benefit of any of them are permanently enjoined from

asserting, commencing, prosecuting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting against any of the Released Persons any of the Released Claims, either directly, representatively, derivatively, or in any other capacity.

12. None of the Settling Parties shall make any applications for sanctions, pursuant to Federal Rule of Civil Procedure 11 or other court rule or statute, with respect to any claims or defenses in the Actions.

13. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and this Final Judgment; and (b) all parties thereto and all Sunrise shareholders for the purpose of construing, enforcing and administering the Stipulation.

15. The DC Action is dismissed with prejudice, subject only to compliance by the parties with the terms of the Stipulation and this Final Judgment. The Court determines that there is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Signed this 26th day of June, 2009.

REGGIE B. WALTON
United States District Judge